J. D. AYERS, *Plaintiff in Error,* v. RICHARD B. PULLAN, *et al., Defendants in Error.*

Opinion Filed June 17, 1914.

1. A verdict in ejectment which simply finds that the plaintiffs are entitled to a fee simple estate to the lands described therein, does not find the right of possession in the plaintiffs, nor does it authorize the entry in behalf of plaintiffs of a judgment for recovery of possession of the land.

2.   A judgment in ejectment for the plaintiff is fatally defective
     which does not state the quantity of the estate and give a
     description of the land recovered as required by the statute.

Writ of error to Circuit Court for Hernando county;
W. S. Bullock, Judge.

Judgment reversed.

*J. D. Ayers,* in *pro per;*

*F. B. Coogler,* for Defendants in Error.

PER CURIAM.—A verdict for the plaintiff in an action
of ejectment was rendered as follows:

"We, the jury, find the fee simple title to West-half of
Northwest quarter of Section 29, Township 23 S., Range
19 E., is vested in the plaintiff."

The following judgment was entered: "Whereupon it
is considered that the said Richard B. Pullan and Eliza-
beth Pullan Haight do recover against the defendant, J.
D. Ayers, the possession of the said premises and that
they have a writ of possession therefor; it is further con-
sidered that the plaintiffs do recover against the defend-
ant, their costs and charges to be taxed by the Clerk of
this Court, and they, the said plaintiffs, have execution
therefor."

The defendant took writ of error.

Section 1970, Chapter XI, of the General Statutes re-
lating to proceedings in ejectment, provides: "A verdict
for the plaintiff shall state the quantity of the estate of
the plaintiff, and describe the land by its metes and
bounds, by the number of the lot or other certain descrip-
tion."

"The judgment awarding possession shall in like manner state the quantity of the estate and give a description of the land recovered."

A verdict in ejectment which simply finds that the plaintiffs are entitled to a fee simple estate to the lands described therein, does not find the right of possession in the plaintiffs, nor does it authorize the entry in behalf of plaintiffs of a judgment for recovery of possession of the land. Ropes v. Minshew, 51 Fla. 299, 41 South. Rep. 538. Brown v. Hetherington, 65 Fla. 327.

A judgment in ejectment for the plaintiff is fatally defective which does not state the quantity of the estate and give a description of the land recovered as required by the quoted statute. Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.

HOCKER, J., absent.