J. E. BUTTS, *Plaintiff in Error*, v. LILLY MOBLEY, *Defend-ant in Error.*

Opinion Filed October 29, 1914.

In an action of ejectment a verdict that the plaintiff "is entitled to the possession of the property described in the declara-tion" is fatally defective under the requirements of the statute and a judgment rendered thereon will be reversed.

Writ of Error to Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment reversed.

*Johnson* & *McIlvaine,* for Plaintiff in Error;

*James Dean,* for Defendant in Error.

WHITFIELD, J.—In an action of ejectment, to recover possession of described land under claim of title, a verdict was rendered for the plaintiff as follows:

"We the jury find for the plaintiff and that she is entitled to the possession of the property described in the declaration in this cause. We further find that the plaintiff is entitled to damages in the amount of $35.00 so say we all." Judgment for the plaintiff was rendered on this verdict. One of the grounds for the motion for new trial which was denied is that the verdict is contrary to law. On writ of error taken by the defendant the order denying a new trial is assigned as error.

Section 1970 of the General Statutes of 1906, relating to the action of ejectment provides that: "A verdict for the plaintiff shall state the quantity of the estate of the plaintiff, and describe the land by its metes and bounds, by the number of the lot or other certain description."

The verdict being fatally defective in view of the positive requirements of the statute, it cannot be regarded as an immaterial or harmless error. See Ayers v. Pullan, —— Fla. ——, 65 South. Rep. 869.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR AND HOCKER, J. J., concur.

COCKRELL, J., absent by reason of illness in his family.