BARNS, PAUL D., Associate Judge.
The appellant was the plaintiff below and after jury trial resulting in an adverse verdict and judgment, the appellant-plaintiff appealed from the final judgment and assigns as error the court’s previous denial of plaintiff’s motion for summary judgment on plaintiff’s claim; denial of plaintiff’s motion for summary judgment on defendant’s counterclaim; and, denial of plaintiff’s motion to dismiss defendant’s amended counterclaim. We fail to find harmful error and affirm.
Summary judgments — discretion. The role of the court’s discretion in granting a motion for summary judgment is not the same as when the court denies a motion for a summary judgment. In granting a motion for a summary judgment, like in granting a motion for a directed verdict at trial, the trial court determines that there are no genuine issues of a material fact that ought to be tried and as a matter of law the motion is well founded; no discretion is involved. However, in denying a motion for a summary judgment, discretion may play a part. 6 Moore’s Federal Practice, 2nd, p. 2165, Section 56.15(8) states:
“Discretion plays no real role in the grant of summary judgment: the grant of summary judgment must be proper under the above principles or the grant is subject to reversal. The trial court may, however, exercise a sound discretion In denying summary judgment where, although the movant may have technically shouldered his burden, the court is not reasonably certain that there is no triable issue of fact; where a portion of an action may be ripe for summary judgment but it is intertwined with another claim (s) that must be tried; and in certain other situations.”
When in due course a trial is had on the merits, its result is good evidence of the real merits of the rights of the plaintiff as against the defendant. If he wins he has a judgment and if, after a fair trial, he loses, it shows that he ought not to have a judgment, in the absence of prejudicial error affecting his substantive rights. The principles of aider by verdict as well as harmless error, Section 54.23, F.S.A., are applicable. The record before us fails to show a miscarriage of justice or any harmful or prejudicial error.
The judgment appealed is affirmed.
ALLEN, Acting C. J., and WHITE, J., concur.