PER CURIAM.
Defendants have appealed a final declaratory decree rendered in an action brought pursuant to F.S. Chapter 87, F.S.A., by which the chancellor fixed a disputed boundary line separating contiguous parcels of land owned by the parties herein.
Appellees instituted this action seeking a declaration of their rights under a deed by which they hold title to the property in dispute. They allege that a bona fide controversy has arisen between the parties respecting the trae boundary line separating their respective parcels of land. Appellants answered the complaint admitting the existence of the controversy, and incorporated in their answer a counterclaim praying that the boundary line be fixed in accordance with a particular survey on which they rely as representing the true boundary line. Appellants’ answer also alleges that prior to the institution of the suit the parties entered into a contract to employ a qualified surveyor to locate the boundary line, and they agreed to be bound by the result of this survey. Appellants further allege that *24 appellees breached the contract by refusing to recognize or abide by the result of the survey made in accordance therewith.
Appellants first contend that the contract between the parties was in legal effect an arbitration agreement, and the chancellor erred in failing to adopt the boundary line shown by the survey which was made as a result of the agreement. Our examination of the contract in question affirmatively reveals that it was not an agreement for arbitration of the boundary line dispute between them, nor was it so intended by the parties when it was executed. Appellees testified that before the survey was completed, they'objected to the manner in which it was being made because the surveyor failed or refused to follow the original United States Government survey and field notes. Under the circumstances the chancellor was correct in concluding that ap-pellees were not estopped to repudiate the agreement,[1] and in further concluding that the contract between the parties was not one for arbitration of an existing dispute.
 By their second point on appeal appellants contend that the trial court was without jurisdiction to determine the boundary line dispute existing between the parties in an action for declaratory decree brought pursuant to F.S. Chapter 87, F.S.A. Appellants admit that no question regarding the propriety of the action was raised or questioned in any manner in the trial court. Furthermore, the record reveals that by their counterclaim appellants sought the identical relief prayed for by appellees in their complaint. The circuit court’s jurisdiction to determine boundary line disputes cannot be questioned, and if the form of action seeking a settlement of this dispute should more properly have been by ejectment rather than for declaratory relief, the impropriety was waived by appellants and cannot be raised for the first time on this appeal.
The decree appealed is affirmed.
RAWLS, C. J., and WIGGINTON and CARROLL, DONALD K., JJ., concur.

. Watrous v. Morrison, 33 Fla. 261, 14 So. 805.