287 So.2d 126 (1973)
STATE of Florida BOARD OF TRUSTEES OF the INTERNAL IMPROVEMENT TRUST FUND, Appellant,
v.
PINETA COMPANY, a Florida Corporation, Appellee.
The FLORIDA STATE BOARD OF TRUSTEES OF the INTERNAL IMPROVEMENT TRUST FUND, Appellant,
v.
Lloyd K. JOHNSON, and Marion Johnson, His Wife, Appellees.
The FLORIDA STATE BOARD OF TRUSTEES OF the INTERNAL IMPROVEMENT TRUST FUND, Appellant,
v.
WAKULLA SILVER SPRINGS COMPANY, a Florida Corporation, Appellee.
Nos. 73-438, 73-439, 73-531.
District Court of Appeal of Florida, Third District.
December 18, 1973.
Ross A. McVoy, Tallahassee, for appellant.
Kent, Durden & Kent, Jacksonville, for appellees.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
CARROLL, Judge.
The appellees who are upland owners of property adjoining submerged lands owned *127 by the state and held in trust by the appellant, filed actions seeking judgments declaring the location of the boundary line separating their lands from the state lands and to quiet title to their lands within the boundaries as established by such judgments. The complaints alleged that as to the location of the "mean high tide line" marking the limit of the ownerships there was uncertainty and dispute, because of certain reasons and circumstances therein stated. After answers were filed by defendants and proceedings for discovery were had and the causes had been set for trial, the defendant sought a dismissal of the complaints on the ground of failure to state a cause of action, contending lack of jurisdiction of the circuit court for determination of boundary disputes in the actions which were to quiet title, and claiming sovereign immunity. The motions to dismiss were denied, and defendant appealed the several orders so entered.
On consideration of the complaints and the briefs of the parties we hold no reason in law has been shown to disturb the order of the trial court denying the motions to dismiss. The dispute between the litigants as to the location of a variable boundary line involved their respective claims to ownership of the same land to some extent. The circuit court had jurisdiction over the controversy presented by the complaint, under Art. V, § 6(3) Fla. Const. F.S.A. and § 65.061 Fla. Stat., F.S.A.; and the complaint made a case for declaratory judgment, for determination of a "fact upon which the existence or nonexistence of such * * * right does or may depend" (§ 86.011(2) Fla. Stat., F.S.A.), and in view of expressed doubt of plaintiffs regarding their rights under deeds (§ 86.021 Fla. Stat., F.S.A.). In the circumstances presented the actions were maintainable against the State Board, under § 69.041 Fla. Stat., F.S.A.; and see State Road Department v. Tharp, 146 Fla. 745, 1 So.2d 868.
Affirmed.