PER CURIAM.
In this ejectment action defendant appeals a final judgment finding that the occupational lot lines as set by the developer shall prevail instead of the original recorded subdivision plat lot lines.
Plaintiffs, Modesto and Felicia Gil, are the record title holders to lots 24 and 25 in block 6 of Flagami Subdivision. Defendant-appellant, Mildred Toombs, holds title to adjoining lots 21, 22 and 23, and defendants Pablo and Fidelina Evora (not parties to this appeal) hold title to adjoining lots 26 and 27. All the parties acquired title to their respective parcels by lot and block description according to the recorded plat of Flagami Subdivision and each lot measures 50 feet by 110 feet. It appears that the developer made a 10 foot error in locating the lot line markers and the Gils contend that they were being restricted to 40 feet *935 by 110 feet by virtue of the fact that their neighbor on the left, defendant-appellant Toombs, was claiming the original recorded subdivision plat lines as the true boundary and the neighbors to the right, the Evoras, were claiming the occupational lines as determined by the original lot line marks set by the developer.[1] As a result, the Gils filed the instant ejectment suit against the Evoras and Toombs. As the suit developed, it became clear that should the plat lines be found as the actual boundary, then the houses themselves, some of which had been there for 30 years, would actually be encroaching on the adjoining neighbors’ property. After the cause was tried non-jury, the trial judge entered final judgment as follows:
♦ * * * * *
“IT IS the finding of this Court that: “In this particular consolidated case occupational lines, as determined by the original lot line markers set by the developer and further determined by subsequent surveys based on occupation, shall prevail instead of plat lines.
“IT IS THUS .ORDERED AND ADJUDGED that:
“All parties involved in this action shall conform their respective property boundary lines to occupational lines as established above and remove all encroachments that may exist beyond said boundaries.
“DONE AND ORDERED in Chambers at Miami, Florida this 7th day of June, 1976.”
******
Defendant Toombs appeals therefrom. We are compelled to reverse.
Although the trial judge may have done equity between the parties, the plaintiffs in the case sub judice sought relief in the form of ejectment, an action at law. Both statutory and case law require that the judgment for a plaintiff in ejectment must state the quantity of the plaintiff’s estate and give a description of the land recovered. Section 66.031, Florida Statutes (1975); Lungren v. Brownlie, 22 Fla. 491 (1884); Gibbs v. McCoy, 70 Fla. 245, 70 So. 86 (1915). A judgment which fails to contain the above is fatally defective. Ayers v. Pullan, 68 Fla. 8, 65 So. 869 (1914); Florida Coca-Cola Bottling Company v. Robbins, 81 So.2d 193 (Fla.1955). The judgment appealed is fatally defective in this regard.
Before concluding we wish to point out that because of the developer’s 10 foot error in locating the lot line markers and because the houses appear to be encroaching on the adjoining neighbors’ property, we believe that a suit seeking a declaratory judgment including all parties which may be affected by the outcome, would be the course of action plaintiffs should pursue. See, e. g. Shaw v. Williams, 50 So.2d 125 (Fla.1950); State Bd. of Trustees of Internal Imp. Trust Fund v. Pineta Company, 287 So.2d 126 (Fla. 3d DCA 1973).
Judgment reversed.

. There is a difference of 10 feet between the occupational and plat lines.