PER CURIAM.
Appellant seeks review of a final judgment entered by the Circuit Court in and for Dade County, Florida determining that appellee, General Insurance Company, afforded no coverage under the policy of insurance, issued to appellant Vicenta Pina. Coverage was denied on the basis that appellant had violated section 627.409(1), Florida Statutes (1979), by omitting from the application for insurance the name of her son, Oscar Pina, as a driver in insured’s household who had driven the insured’s vehicle with her consent prior to the date of the application.
It is appellant’s contention that she is entitled to reversal on the grounds that (1) the insurance application was ambiguous and therefore, as a matter of law, the ambiguity had to be resolved against the insurer without any testimony as to the party’s understanding of the ambiguity, (2) the judgment of the trial court is without evi-dentiary support and the record contains no evidence as to the appellant’s understanding of the ambiguous phrase in the appellee’s insurance application, and (3) the trial court erred in failing to grant the appellant a jury trial on the issues.
We have carefully considered the points on appeal in the light of the record, briefs and argument of counsel and have concluded that no reversible error has been demonstrated. See: McTeague v. Treibits, 388 So.2d 309 (Fla. 4th DCA 1980); Safeco Insurance Co. v. Rochow, 384 So.2d 163 (Fla. 5th DCA 1980); General Insurance Co. of America v. Sentry Indemnity Co., 384 So.2d 1305 (Fla. 5th DCA), pet. for rev. dismissed, 389 So.2d 1110 (Fla.1980); Murphy v. Murphy, 370 So.2d 403 (Fla. 3d DCA 1979); New York Life Insurance Co. v. Nespereira, 366 So.2d 859 (Fla. 3d DCA 1979); Zero Food Storage, Inc. v. Henderson’s Sea Food, Inc., 121 So.2d 462 (Fla. 3d DCA 1960); section 627.409(1), Florida Statutes (Supp.1982).
Therefore the judgment appealed is affirmed.
Affirmed.