468 So.2d 1033 (1985)
Thelma H. WILLIAMS and Bobbie Lee Williams, Appellants,
v.
GENERAL INSURANCE COMPANY, Appellee.
No. 84-1915.
District Court of Appeal of Florida, Third District.
April 30, 1985.
Rehearing Denied May 29, 1985.
Steven R. Berger and Amy N. Dean and Diane Kuker, Wolpe & Leibowitz, Miami, for appellants.
Joe N. Unger, Kopplow & Flynn, Miami, for appellee.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
This is an appeal from a final judgment in favor of the plaintiff, General Insurance Company, in a declaratory judgment action. The trial court determined that General Insurance Company had no duty to defend or indemnify the defendants, Thelma Williams and her son, Bobbie Williams, for any loss or claims resulting from an automobile accident. We conclude otherwise, and reverse.
The relevant record facts are as follows. Thelma Williams, the appellant, renewed her automobile insurance with General Insurance Company on December 9, 1982. The renewal forms were filled out with the assistance of an insurance agent who explained the questions and wrote down Mrs. Williams' answers. Mrs. Williams was asked to provide the names of drivers in the household and other drivers of the insured vehicle.[1] She named no one but herself.
*1034 On June 5, 1983 Bobbie Williams was driving the insured vehicle with Mrs. Williams' permission and became involved in an accident. Bobbie Williams had driven the insured auto only two times prior to Mrs. Williams' application for renewal and a total of only two times prior to the date of the accident. Although Bobbie spent an occasional night at his mother's home and once stayed an entire week, neither on the date of Mrs. Williams' renewal, nor on the date of the accident, nor between such dates did Bobbie Williams live with his mother. He did use her address as a mailing address, for all legal forms and for driver's license purposes. All of Mrs. Williams' adult children used her house as their mailing address, including one child in the army and another child who owned a house in Dade County. Bobbie Williams did not consider his mother's house his primary residence.
General Insurance Company argues on appeal that section 627.409, Florida Statutes (1983) provides for the denial of automobile insurance coverage for Mrs. Williams because of her failure to include in the application the name of her son as a driver in the applicant's household or as a driver of the insured vehicle. It contends that section 627.409 precludes coverage where the insured has made a material misrepresentation.
Mrs. Williams and her son contend that Bobbie Williams was not a member of Mrs. Williams' household or a driver of the insured vehicle. Further, they argue that even if Mrs. Williams did make a misrepresentation, it was made in good faith. Such good faith, appellants assert, prevents application of the statute to bar coverage as the statute requires the insurer to show that Mrs. Williams' statement was both a fraudulent and material misrepresentation.
Our review is guided by the well-established rule that the trial court's decision in a declaratory judgment action is accorded a presumption of correctness and will not be rejected on appeal unless based on a misapplication of law or shown by the record to be clearly wrong, or against the manifest weight of the evidence, or not supported by competent substantial evidence. General Insurance Co. v. Ramanovski, 443 So.2d 302 (Fla. 3d DCA 1983); Groover v. Adiv Holding Co., 202 So.2d 103 (Fla. 3d DCA 1967).
Initially, we conclude that there was no misrepresentation by Mrs. Williams in connection with her insurance renewal application. It is therefore unnecessary for us to determine whether section 627.409, Florida Statutes (1983) provides for the denial of coverage where the misrepresentation was made innocently. The bases for this conclusion are two-fold. First, it is clear that the record evidence does not support a determination that Bobbie Williams was a resident of his mother's house. The fact that a person is a frequent visitor at a certain address and arranges for his mail to be left there does not convert him into a resident of that address. Connolly v. Galvin, 120 N.H. 219, 412 A.2d 428 (1980); see Mission Insurance Co. v. Ward, 487 S.W.2d 449 (Mo. 1972); Giokaris v. Kincaid, 331 S.W.2d 633 (Mo. 1960).
Second, the question concerning other drivers of the insured vehicle is capable of two different interpretations. One view would require that all persons who would drive the insured vehicle on a fairly regular basis be named on the insurance application. The other view would require the applicant for insurance to name every person he or she had ever allowed to drive the insured vehicle. It is well-established law that any ambiguity in the application for insurance is to be resolved against the insurer. Harris v. Carolina Life Insurance Co., 233 So.2d 833 (Fla. 1970); Fireman's Fund Insurance Co. v. Vordermeier, 415 So.2d 1347 (Fla. 4th DCA 1982); Gaskins v. General Insurance Co., 397 So.2d 729 (Fla. 1st DCA 1981). Resolving, as we must, the ambiguity in the insured's favor, we conclude *1035 that Mrs. Williams did not make a misrepresentation, under the facts of this case, in failing to name her son on the insurance application as a driver of the insured vehicle.
Because we have determined that the final judgment in favor of appellee General Insurance Company was not supported by competent substantial evidence and a proper application of the law the final judgment is accordingly reversed and the cause remanded for the entry of final judgment for the appellants.
Reversed and remanded.
NOTES
[1] The application stated, in a section labelled DRIVER INFORMATION: "COMPLETE FOR APPLICANT, SPOUSE, DRIVERS IN APPLICANT'S HOUSEHOLD AND ALL OTHER DRIVERS, LICENSED OR NOT."