508 So.2d 436 (1987)
Carol A. ABRAMS, Appellant,
v.
GENERAL INSURANCE COMPANY, INC., Appellee.
No. 86-2207.
District Court of Appeal of Florida, Third District.
May 19, 1987.
Rehearing Denied June 30, 1987.
George C. Vogelsang and Beth Tyler Vogelsang, Miami, for appellant.
Ronald C. Kopplow, Joe N. Unger, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and HUBBART, JJ.
SCHWARTZ, Chief Judge.
Mrs. Abrams seeks review of an adverse judgment entered on a jury verdict in favor of the appellee-insurer that no liability coverage was available for an accident in which her teenage son was involved while driving her car. The jury found that Mrs. Abrams had made a material misrepresentation or omission under section 627.409(1), Florida Statutes (1983), by failing to indicate the son's name in a renewal application although he was a licensed driver and a resident of her household. Over Mrs. Abrams's claim that she was entitled to a directed verdict, we affirm.
The renewal form in question, after describing the insured vehicle and listing the "driver name" as "C[arol] Abrams," instructed the applicant to:
In the space provided above, add or delete any driver(s) and/or automobile(s) that will make this application complete and correct. These changes of course may change your premium. [e.s.]
Mrs. Abrams testified that she took the non-specific word "driver" to refer, not to all licensed operators as the company contended, but only to those who drove her insured vehicle. Since her son  who had turned sixteen and became licensed since the original policy was issued  had his own car and uncontradictedly did not drive his mother's either before or after the single occasion of the accident in question, he was therefore not listed. Thus, she claimed, she had given only a truthful answer to what was, at best, an unclear question. Because of the rule that any ambiguity in an insurance application must be resolved against the carrier, Harris v. Carolina Life Insurance Co., 233 So.2d 833 (Fla. 1970); Williams v. General Insurance Co., 468 So.2d 1033 (Fla. 3d DCA 1985), *437 pet. for review denied, 476 So.2d 673 (Fla. 1985), this contention is not without substance as an abstract matter. See Williams, 468 So.2d at 1034; General Insurance Co. v. Ramanovski, 443 So.2d 302 (Fla. 3d DCA 1983); Gaskins v. General Insurance Co., 397 So.2d 729 (Fla. 1st DCA 1981). It cannot, however, withstand the contents of this particular record.
This is because, both at his deposition[1] and at trial, the independent agent, Goldwich, who assisted Mrs. Abrams in filling out the renewal,[2] testified that, when doing so with his customers, he
didn't say anything about driving the car. I asked if they had any drivers in the home or any licensed drivers and if they do, I put them down. If they don't tell me, I don't put them down. [e.s.]
Thus, in effect, any "ambiguity" or uncertainty as to the meaning of "driver" was resolved on the spot. See 11 Fla.Jur.2d Contracts §§ 110-11 (1979) (surrounding circumstances and negotiations to be considered in resolving meaning of ambiguous contractual provision). Surely, by the same token that the carrier may be bound by what the insured has told its agent in completing an application, see Gaskins, 397 So.2d at 731-32, so the insured may be bound to follow her agent's clarifying instructions concerning the form. See Burgess v. North Carolina Farm Bureau Mutual Insurance Co., 44 N.C. App. 441, 261 S.E.2d 234 (1980). On this basis, the jury could properly have found that Mrs. Abrams's failure to list her son was in violation of a known requirement that she do so and that coverage was thus precluded under section 627.409, Florida Statutes (1983). See Martinez v. General Insurance Co., 483 So.2d 892 (Fla. 3d DCA 1986); Pina v. General Insurance Co., 443 So.2d 395 (Fla. 3d DCA 1984).
Affirmed.
NOTES
[1] The deposition precludes acceptance of the appellant's fall-back claim that her motion for summary judgment should have been granted. Moreover, it is highly doubtful that the denial of a motion for summary judgment which is followed by a contrary, adverse jury verdict is even subject to review on appeal. Well-Bilt Products, Inc. v. Liechty, 167 So.2d 84 (Fla. 2d DCA 1964).
[2] While Goldwich was somewhat contradictory and uncertain, consideration of his testimony is governed by the rule that the record must be viewed in the light most favorable to the verdict winner, and by the concomitant principle that the jury may accept or reject any part of the testimony of a particular witness. See Marks v. Delcastillo, 386 So.2d 1259 (Fla. 3d DCA 1980), pet. for review denied, 397 So.2d 778 (Fla. 1981).