MINER, Judge.
This case presents consolidated appeals of the trial court’s declaratory judgment which found (1) that the insured, Carle A. Felton, Jr., was not covered under his United Services Automobile Association (USAA) uninsured motorist (UM) policy; and (2) that Transamerica Insurance Company (Transamerica) was not entitled to collect from USAA a prorated portion of the sum that Transamerica paid to Felton under its policy with Felton’s employer. The trial court found that Felton could not establish coverage for his accident under the UM portion of the USAA policy without resort to an impermissible double inference. We disagree and reverse.
On November 18, 1986, at dusk, Felton was jogging north in the northbound bicycle path along Jacksonville’s Scott Mill Road. He saw a car approach from the southbound lane. As the car came closer, Felton noticed an object flying towards him from the left at eye level. The object struck him in the left eye causing temporary blindness and permanent sensitivity to light and darkness.
At a bench trial, Felton gave the only testimony regarding the incident. He was unable to identify the vehicle or the driver. Felton testified that he could only see the outline of the driver and could not tell whether there was anyone else in the car. Felton stated that there were no other cars or persons in the area, nor were there witnesses to the incident.
In its conclusions of law, the trial court noted that the unidentified vehicle constituted an “uninsured motor vehicle” for purposes of UM coverage under the USAA policy. However, the court recognized that to establish UM coverage, Felton had to demonstrate (1) that he was legally entitled to recover from the owner or operator of the uninsured vehicle, and (2) that the owner or operator’s liability arose out of the ownership, maintenance or use of the vehicle. According to the trial court, Felton could not establish the owner or operator’s liability without resorting to an impermissible double inference. The first inference was that the object came from the vehicle; the second was that the object was propelled as a result of a negligent or intentional act of the owner or operator.
The trial court’s decision in a declaratory judgment action is accorded a presumption of correctness and should not be rejected on appeal unless it is based upon a misapplication of law or shown by the record to be clearly wrong, or against the manifest weight of the evidence, or not supported by competent substantial evidence. Williams v. General Insurance Co., 468 So.2d 1033, 1034 (Fla. 3d DCA), rev. denied, 476 So.2d 673 (Fla.1985).
In Voelker v. Combined Insurance Co. of America, 73 So.2d 403 (Fla.1954) the supreme court noted an important exception to the often-stated rule against laying inference upon inference:
It is our considered judgment that when an inference ... is inescapable, that is to say when no contrary reasonable inference may be indulged, such inference is elevated for the purpose of further inference to the dignity of an established fact. We are also convinced that this principle creates an exception to which the often-stated rule against laying inference upon inference must yield, or perhaps it would be more accurate to say that the rule itself should never be applied without reference to its purpose, which is nothing more nor less than to protect litigants from verdicts or judgments based upon speculation.
Id. at 407 (emphasis in original). Thus, there is no impermissible double inference where the initial “inference” is properly deemed an established fact due to the absence of contrary reasonable inferences.
*770 In the instant case, the trial court determined that the initial inference — the object was propelled or thrown from the vehicle— though reasonable, was not the only reasonable inference that could be drawn from the evidence. Despite this finding, neither the trial court nor USAA offered an alternative source for the object. While this failure to put forth an alternative does not require us to find Felton’s inference inescapable, we find the evidence inconsistent with any other reasonable inference. Fel-ton testified without contradiction that he saw the object come from the direction of the vehicle at a flat trajectory. In addition, he testified that there were no other vehicles or persons in the area. These facts permit no reasonable inference other than that offered by Felton. Consequently, the initial inference should have been treated as an established fact.
The trial court ended its analysis by finding that Felton could not prevail because he failed to establish that the second infer'ence — the injury resulted from the negligent or intentional act of the owner or operator — was more likely than any other reasonable inference. The court noted that Felton did not see the object being projected from the vehicle and could not state whether it came from the vehicle’s interior.
From its conclusions of law, it is clear that the trial court was under the erroneous belief that Felton could not prevail unless he established that the second inference was the most reasonable of all available inferences. This was error because a jury question would have been created upon Felton’s showing that the inference permitting recovery was as reasonable as any contrary inference. See Voelker, supra at 406. Contrary to the trial court’s suggestion, Felton was not precluded from recovery as a matter of law. Furthermore, the trial court should not have used the first “inference,” which we have deemed tantamount to an established fact, as a basis for making the second inference less likely. The second inference assumed that the projectile came from the unidentified vehicle, and only required an inference to establish that the projectile was launched as the result of a negligent or intentional act of the owner or operator. On remand, the trial court should assume that the projectile came from the unidentified vehicle, and then proceed to weigh Felton’s inference that the object was intentionally or negligently thrown, against any contrary inference, e.g., that the object was kicked up by a tire or some appendage hanging from the vehicle.
Because the trial court found that the liability of the owner or operator had not been established, the court deemed it unnecessary to proceed to the second issue concerning the scope of UM coverage. As a result of the remand mentioned above, the trial court will be required to make further findings of fact and conclusions of law. Consequently, we decline to offer an opinion concerning the scope of coverage issue on the record before us at this time.
In sum, we find it was error for the trial court to preclude recovery due to an impermissible double inference. On remand, the trial court should deem it an established fact that the projectile emanated from the unidentified vehicle, and should proceed to determine whether the projectile was launched as the result of a negligent or intentional act of the owner or operator. The trial court should then proceed to determine the scope of coverage issue as well as Transamerica’s entitlement to proration from USAA.
REVERSED and REMANDED for further proceedings.
ZEHMER, J., and CAWTHON, VICTOR M. (Ret. Associate Judge), concur.