794 So.2d 616 (2001)
Jesse G. COLLIER and wife, Lue Collier, Appellant,
v.
Wilma L. PARKER, Appellee.
No. 1D00-1923.
District Court of Appeal of Florida, First District.
March 14, 2001.
Rehearing Denied April 19, 2001.
*617 Bert Moore of Bert Moore, P.A., Niceville, for Appellant.
Bill E. Parker, Crestview, for Appellee.
PER CURIAM.
Jesse and Lue Collier, the appellants, seek review of an adverse judgment determining that their fence encroached on Wilma Parker's property. As competent, substantial evidence exists for the trial court's order, we affirm.
Wilma Parker, the appellee, and her husband owned a tract of land in Okaloosa County. In 1986, the appellee deeded property to Livingston without the benefit of a survey description. In 1987, they hired Kermit George to survey some of their property and subdivide it into three parcels: Parcel "A," Parcel "B" and Parcel "C." Parcel "B" and "C" were located north of Parcel "A." On the survey, Kermit George separated Parcels "B" and "C" from "A" by a 60-foot easement for ingress and egress. The survey contained a legal description of the three parcels but did not show a legal description for the easement.
Parcel "A" is a portion of the property conveyed to Livingston. In November 1995, Livingston conveyed his property to the appellants. The deed, however, did not contain the legal description from Kermit George's survey. Shortly after purchasing the property, the appellants hired Mike Heath to perform a survey in order to construct a fence on the northern boundary of their property. Mike Heath's survey did not indicate the 60-foot easement. After the appellants began installing their fence in February 1997, the appellee advised them that they were building a fence inside the easement. The appellants continued constructing their fence.
*618 On May 16, 1997, the appellee filed a complaint for declaratory relief against the appellants claiming a boundary dispute over the easement. The trial court entered a final judgment on April 13, 2000, declaring that a 1999 survey by Kermit George correctly identified the parcel boundaries and the easement. The trial court determined that the appellants' fence encroached the easement and ordered removal of the fence from the easement. The trial court also found that the appellants' surveyor was dilatory in acknowledging the recording of the easement. This appeal follows.
In declaratory actions, the trial court's decision carries a presumption of correctness. See Transamerica Ins. Co. v. United Services Auto Ass'n, 569 So.2d 768 (Fla. 1st DCA 1990); Williams v. General Ins. Co., 468 So.2d 1033 (Fla. 3d DCA 1985). This Court assumes the trial court's decision is correct unless the trial court misapplied the law or did not base its decision on competent, substantial evidence. See Williams, 468 So.2d at 1034.
In this case, the appellee sought judicial determination of the boundaries of an easement. Although courts have addressed this issue in ejectment and quiet title actions, declaratory relief is also an appropriate means of resolving the issue. See State v. Florida Nat'l Properties, Inc., 338 So.2d 13, 19-20 (Fla.1976) (Hatchett, J., concurring in part and dissenting in part); Toombs v. Gil, 353 So.2d 934 (Fla. 3d DCA 1978); Board of Trustees v. Pineta Co., 287 So.2d 126 (Fla. 3d DCA 1973); Bozeman v. Roberts, 188 So.2d 23 (Fla. 1st DCA 1966); § 86.011, Fla. Stat. (1997). The appellants contend that the trial court ordered them to remove the fence and dispossessed them of the fenced property. According to the appellants, such an order is an ejectment subject to the procedures outlined in section 66.021, Florida Statutes (1997). However, the appellants did not raise this argument in the lower court. It, therefore, cannot be raised for the first time on appeal. See Bozeman, 188 So.2d at 24 (if proper action should have been ejectment, impropriety of seeking declaratory relief waived where other party fails to object at trial). Thus, the appellants fail to show that the trial court misapplied the law.
The appellants next argue that the trial court erred in granting declaratory relief using the 1999 survey by Kermit George. They claim that the 1999 survey incorporated into the trial court's judgment does not retrace the original survey prepared by Kermit George in 1987. A surveyor cannot set up new points and establish boundary lines unless he is surveying unplatted land or subdividing a new tract. See Willis v. Campbell, 500 So.2d 300, 302 (Fla. 1st DCA 1986); Tyson v. Edwards, 433 So.2d 549, 552 (Fla. 5th DCA 1983). Subsequent surveyors may only locate the points and retrace the lines of the original survey; they cannot establish new lines or corners. See Tyson, 433 So.2d at 552.
Competent, substantial evidence exists for the trial court to determine that Kermit George's 1999 survey of the property adequately depicted the boundaries of the easement. It appears from the survey that Kermit George was able to find the monuments set in the original survey. Mike Heath set his own monuments in his 1995 survey and did not even reference the recorded easement. As Mike Heath was not subdividing a new tract, he needed to find the original monuments. Thus, the trial court based its decision on competent, substantial evidence.
The appellants finally contend that equitable estoppel applies in this case. They argue that the issues of estoppel, boundary *619 by agreement or boundary by acquiescence were tried by implied consent. The appellants, however, failed to preserve this argument for appeal. They did not raise equitable estoppel in the trial court. Therefore, the appellants waived these affirmative defenses.
As the trial court based its decision on competent, substantial evidence, we affirm.
AFFIRMED.
KAHN, BROWNING and LEWIS, JJ., concur.