971 So.2d 1017 (2008)
STATE of Florida, Appellant,
v.
Ernest W. DAVIS, III, Appellee.
No. 1D06-5678.
District Court of Appeal of Florida, First District.
January 10, 2008.
Bill McCollum, Attorney General, and Terry P. Roberts, Assistant Attorney General, Tallahassee; Robert Carson Elmore, Assistant State Attorney, Crestview, for Appellant.
Nancy A. Daniels, Public Defender, and M.J. Lord, Assistant Public Defender, Tallahassee, for Appellee.
HAWKES, J.
The State appeals the trial court's non-final order partially granting Defendant Ernest Davis's motion to suppress. We reverse.
The following is a brief synopsis of the events leading up to Davis's motion to suppress. On August 25, 2005, Officers Jim Spencer and Jerry Utsey sought out Davis to question him concerning his father's death. When the officers found Davis, they told him they wanted him to come to the Sheriff's office for an interview concerning his father's death. The officers told Davis he could ride with them and, because his truck was malfunctioning, he agreed. During the trip, another officer *1018 radioed Officer Spencer and informed him they had Davis's brother. According to Officer Spencer, Davis overheard the report and stated, "You got us now." Davis denied making the statement and asserted he asked if the officers had talked to the neighbor.
After arriving at the Sheriff's office, Davis was read his Miranda rights and signed a waiver form. Officer Utsey and Officer Jeffrey Shuler then began questioning him about his father's death. During the interview, Davis stated on several occasions that he wanted to go home. He was eventually informed he could not go home because he was being detained and was officially a suspect.
Officer Spencer then came into the interview room, and the following conversation took place:
OFFICER SPENCER: Which one of these guys do you feel more comfortable talking with? Which one of these guys you wanna talk to Ernest?
DAVIS: None of `em.
OFFICER SPENCER: I mean which one would you feel more comfortable talking with? Give me an answer. I'm giving you a choice.
Davis did not answer again and Officer Spencer continued questioning him. Ultimately, Davis confessed to murdering his father and directed officers to the location of the gun he used to shoot his father. Davis was charged with first-degree premeditated murder with a firearm.
Subsequently, Davis filed a motion to suppress the statements and admissions made to officers during his interview and any evidence (including the gun) discovered as a result of those statements and admissions. Following an evidentiary hearing, the trial court entered an order partially granting Davis's motion to suppress, concluding that his statement, "none of `em," was an unequivocal assertion of his right to terminate further questioning.
A trial court's ruling on a motion to suppress is presumptively correct. See e.g., Connor v. State, 803 So.2d 598, 605 (Fla.2001). However, appellate courts review mixed questions of law and fact that ultimately determine constitutional rights using a two-step approach. See id. The trial court's findings of historical fact are given deference, but the appellate court reviews the constitutional issue de novo. See id.; see also Walker v. State, 957 So.2d 560 (Fla.2007); Albritton v. State, 769 So.2d 438 (Fla. 2d DCA 2000). Accordingly, a trial court's determination of whether a defendant's statement constituted an unequivocal assertion of a Miranda right is reviewed de novo. See Connor, 803 So.2d at 606. In Davis v. United States, 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), the United States Supreme Court held that, after a suspect knowingly and voluntarily waives Miranda rights, a law enforcement officer may continue questioning unless the suspect clearly and unequivocally asserts his or her right to counsel. Thus, under Davis, law enforcement officers have no duty to clarify a suspect's equivocal or ambiguous request and may continue questioning until the suspect makes a clear assertion of the right to counsel. See id.
In State v. Owen, 696 So.2d 715, 717 (Fla.1997), the Florida Supreme Court recognized that the reasoning of Davis applies when a suspect makes an equivocal or ambiguous assertion of any Miranda right, including the right to terminate further questioning. The Florida Supreme Court explained:
A suspect must articulate his desire to cut off questioning with sufficient clarity that a reasonable police officer in the circumstances would understand the statement to be an assertion of the right *1019 to remain silent. If the statement is ambiguous or equivocal, then the police have no duty to clarify the suspect's intent, and they may proceed with the interrogation.
Id. at 718 (quoting Coleman v. Singletary, 30 F.3d 1420, 1424 (11th Cir.1994)). Thus, under Owen, after a suspect knowingly and voluntarily waives Miranda rights, law enforcement officers have no duty to clarify the suspect's request and may continue questioning until the suspect makes a clear and unequivocal assertion of his right to terminate further questioning. Id. at 717-18, 719-20. Applying this reasoning, the Florida Supreme Court held that Owen's statements, "I'd rather not talk about it" and "I don't want to talk about it," were equivocal and, therefore, the law enforcement officers were not required to clarify his statements or to terminate further questioning. Id. at 720; see also Owen v. State, 560 So.2d 207, 210-11 (Fla. 1990).
In the instant case, the statement made by Davis was more, not less, equivocal than the statements made in Owen. When asked by Officer Spencer whether he was more comfortable speaking with either Officer Shuler or Officer Utsey, Davis replied "none of `em." When asked again, Davis did not reply and the questioning continued. Taken in context, Davis's statement, "none of `em," was not an unequivocal or unambiguous request to terminate further questioning. It is unclear whether Davis was indicating that he was not comfortable talking with Officer Shuler or Officer Utsey, but would be comfortable talking with Officer Spencer, or that he did not want to continue the questioning at all. Thus, the officers were under no obligation to clarify Davis's intent or to terminate further questioning. See Owen, 696 So.2d at 717-18.
Accordingly, the trial court reversibly erred by partially granting the motion to suppress. The order partially granting the motion to suppress is REVERSED.
WEBSTER and ROBERTS, JJ., concur.