PER CURIAM.
In this boundary line dispute, appellee, Steven R. Bennett, sued for a permanent injunction, seeking to enjoin appellant, Linda S. Beckham/Tillman, from trespassing upon his property by way of maintaining a fence along the disputed boundary. Prior to trial, the parties entered into a stipulation, agreeing that (1) the matter would proceed to trial in a summary fashion; (2) the dispute over the boundary line was the sole issue before the trial court; and (3) the depositions of the parties’ respective surveyors, along with any attachments, would provide the sole factual record for the trial court to consider. In its Amended Final Judgment, the trial court confirmed the boundary line as established by Bennett’s 2001 survey and, consequent *898 ly, permanently enjoined Beckham/Tillman from trespassing upon Bennett’s land. For the following reasons, we reverse.
In essence, we are asked to decide which of two surveyors properly located the correct boundary line between two parcels of property. Bennett’s property lies in the southwest corner of a subdivision that originally was surveyed and platted in 1929. Beckham/Tillman’s property abuts Bennett’s from below and lies in the northwest corner of a newer subdivision surveyed and platted in 1965. Beckham/Tillman’s fence lies between. Two general considerations inform our analysis of the issue. On the one hand, the trial court’s decision carries a presumption of correctness unless it “misapplied the law or did not base its decision on competent, substantial evidence.” Collier v. Parker, 794 So.2d 616, 618 (Fla. 1st DCA 2001). On the other hand, “when the trial court’s determination turns upon the meaning of ... depositions [andjother documents ... which are presented in essentially the same form to the appellate court ... the trial court does not have a special vantage point in such cases.” State v. Sepanik, 110 So.3d 977, 978 (Fla. 2d DCA 2013) (citing Almeida v. State, 737 So.2d 520, 524 n. 9 (Fla.1999)). In short, because in the present case the trial court acted on the same pleadings and depositions which make up the record before us, the presumption of correctness is not as strong, since the trial court did not hear any testimony or make credibility determinations. See Suarez v. Benihana Nat’l of Fla. Corp., 88 So.3d 349, 353 n. 7 (Fla. 3d DCA 2012) (citing W. Shore Rest. Corp. v. Turk, 101 So.2d 123, 126 (Fla.1958)). In addition, we are guided in our decision by the following undisputed, controlling legal rule:
A surveyor cannot set up new points and establish boundary lines unless he is surveying unplatted land or subdividing a new tract. See Willis v. Campbell, 500 So.2d 300, 302 (Fla. 1st DCA 1986); Tyson v. Edwards, 433 So.2d 549, 552 (Fla. 5th DCA 1983). Subsequent surveyors may only locate the points and retrace the lines of the original survey; they cannot establish new lines or comers. See Tyson, 433 So.2d at 552.
Collier, 794 So.2d at 618 (emphasis added).
After carefully reviewing the deposition testimony of each surveyor, we conclude that only Beckham/Tillman’s surveyor conducted a proper retracement utilizing the original monuments. As it was explained in Tyson v. Edwards:
The surveying method is to establish boundaries by running lines and fixing monuments on the ground while making field notes of such acts. From the field notes, plats of survey or “maps” are later drawn to depict that which was done on the ground. In establishing the original boundary on the ground the original surveyor is conclusively presumed to have been correct and if later surveyors find there is error in the locations, measurements or otherwise, such error is the error of the last surveyor. Likewise, boundaries originally located and set (right, wrong, good or bad) are primary and controlling when inconsistent with plats purporting to portray the survey and later notions as to what the original subdivider or surveyor intended to be doing or as to where later surveyors, working, perhaps, under better conditions and more accurately with better equipment, would locate the boundary solely by using the plat as a guide or plan. Written plats are not construction plans to be followed to correctly reestablish monuments and boundaries. They are “as built” drawings of what has already occurred on the ground and are properly used only to the extent they are helpful in finding and retracing the *899 original survey which they are intended to describe; and to the extent that the original surveyor’s lines and monuments on the ground are established by other evidence and are inconsistent with the lines on the plat of survey, the plat is to be disregarded. When evidence establishes a discrepancy between the location on the ground of the original boundary survey and the written plat of that survey the discrepancy is always resolved against the plat.
433 So.2d at 552-53 (emphasis in original). See also Rivers v. Lozeau, 539 So.2d 1147, 1151 (Fla. 5th DCA 1989). Thus, we hold the trial court misconstrued both the evidence and controlling precedent when it held the testimony of Bennett’s surveyor “properly” and “convincingly” located the southern boundary of his township, and that there was “no credible evidence” that the monument drawn on Beckham/Till-man’s survey was the original monument.
The Amended Final Order is REVERSED and the cause is REMANDED for entry of a final judgment in favor of appellant.
PADOVANO, WETHERELL, and SWANSON, JJ, concur.