Sean **MULVEY**, Appellant,

v.

Howard C. **FORMAN**, Clerk of Court for 17th Judicial Circuit for Broward County, Florida, Appellee.

No. 4D15–4687

District Court of Appeal of Florida, Fourth District.

[January 4, 2017]

Sean Mulvey, Margate, pro se.

No appearance for appellee.

Per Curiam.

The plaintiff, Sean Mulvey, appeals a final order entered in his declaratory judgment action against the Clerk of Court for Broward County. We affirm in part and reverse in part. Because the trial court failed to address the plaintiff's claim that his purported 1984 DUI conviction does not exist, we remand solely for the trial court to address this claim.

By way of background, the plaintiff filed a Complaint for Declaratory Relief to Remove Erroneous Public Records. The plaintiff alleged that his Department of Motor Vehicles ("DMV") Driving Record

contained three erroneous convictions: (1) a DUI conviction in 1978; (2) a DUI conviction in 1982; and (3) a DUI conviction in 1984.[1] The plaintiff named the Clerk of Court as a defendant, and sought a declaration that the Broward County court did not enter any DUI convictions against him in 1978, 1982, or 1984.

The plaintiff served a request for admissions on the Clerk of Court, asking the Clerk of Court to admit that the 1978 DUI charge was nolle prossed, that the 1982 DUI charge was dismissed, and that the 1984 DUI charge does not exist.

In response to the request for admissions, the Clerk of Court admitted that he was in possession of court records for the plaintiff's criminal cases from the years 1978 and 1982. The Clerk of Court admitted that the plaintiff's 1978 DUI had a disposition of nolle prosequi, but stated that the 1982 DUI had a "disposition of Adjudicated, Convicted by Plea." Regarding the remainder of the requested admissions (i.e., the plaintiff's request for the Clerk of Court to admit that the 1984 DUI does not exist), the Clerk of Court stated that he "lacks the information or knowledge necessary to admit or deny this requested admission."

Following discovery, the plaintiff filed a verified motion for summary judgment, arguing that the 1978 DUI was nolle prossed, the 1982 DUI was dismissed, and the 1984 DUI does not exist.

The trial court entered a non-final order granting the plaintiff's motion for summary judgment, but the court's order addressed only the 1978 and 1982 DUI cases:

The Clerk's certified records reflect that Case No. 78–004100MM10A was disposed of with a nolle prosequi. Case No. 82–00672MM10A was disposed of with Count 1, adjudication withheld; Count 2, adjudicated; Count 3, nolle prosequi; Count 4, dismissed. On that basis, the motion for summary judgment is granted and the plaintiff shall present a certified copy of this order to DMV to ensure that their records accurately reflect the court record.

The plaintiff later filed a motion requesting issuance of an amended order, arguing that the order granting his motion for summary judgment: (1) contained "an apparent scrivener's error"; (2) improperly stated that Count II in the 1982 case was an adjudication; and (3) failed to address his claim that the 1984 conviction for DUI does not exist.

In response, the trial court entered a final order: (1) denying the plaintiff's motion for an amended order; (2) reaffirming the previous order granting the plaintiff's motion for summary judgment; (3) stating that summary judgment was entered for the plaintiff; and (4) directing the Clerk of Court to close the file. This appeal ensued.

■ A trial court's decision in a declaratory judgment action is afforded a presumption of correctness. *Royal Oak Landing Homeowner's Ass'n v. Pelletier*, 620 So.2d 786, 788 (Fla. 4th DCA 1993). A declaratory judgment will not be overturned on appeal "unless based on a misapplication of law or shown by the record to be clearly wrong, or against the manifest weight of the evidence, or not supported by competent substantial evidence." *Williams v. Gen. Ins. Co.*, 468 So.2d 1033, 1034 (Fla. 3d DCA 1985). However, a trial court abuses its discretion where it fails to address the merits of a petition or complaint for declaratory judgment. *Jackson v.*

---

1. For ease of reference, this opinion will refer to any alcohol-related driving offense as a DUI.

*State*, 893 So.2d 706, 707 (Fla. 2d DCA 2005).

"The circuit and county courts have jurisdiction within their respective jurisdictional amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed." § 86.011, Fla. Stat. (2015). A suit for declaratory judgment may be maintained in the following circumstances:

> Any person claiming to be interested or who may be in doubt about his or her rights under a deed, will, contract, or other article, memorandum, or instrument in writing or whose rights, status, or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance, contract, deed, will, franchise, or other article, memorandum, or instrument in writing may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance, contract, deed, will, franchise, or other article, memorandum, or instrument in writing, or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder.

§ 86.021, Fla. Stat. (2015).

Judge Altenbernd once suggested, in a concurring opinion, that a declaratory judgment action might be available to allow a person to correct his or her criminal record:

> Section 943.056, Florida Statutes (2007), and Florida Administrative Code Rule 11C–8.001 appear to give Mr. Cochrane an administrative remedy for this problem. If that is not an adequate solution, he has legitimate and genuine reasons to be in doubt about his rights and thus might seek a declaratory judgment pursuant to section 86.021, Florida Statutes (2007), against the clerk of court or other appropriate agency.

*Cochrane v. State*, 997 So.2d 1221, 1224–25 (Fla. 2d DCA 2008) (Altenbernd, J., concurring).

Here, the plaintiff argues on appeal, as he did below, that the order granting his motion for summary judgment: (1) contained "an apparent scrivener's error"; (2) improperly stated that Count II in the 1982 case was an adjudication; and (3) failed to address his claim that the 1984 conviction for DUI does not exist.

Our analysis will assume, *arguendo*, that the plaintiff's claims were properly brought in a declaratory judgment action and that the Clerk of Court waived the potential affirmative defense that the plaintiff failed to exhaust his administrative remedies. Accordingly, each of the plaintiff's arguments will be addressed in turn.

■ First, with respect to the plaintiff's argument that the order granting his motion for summary judgment contained "an apparent scrivener's error," the plaintiff has failed to identify the alleged scrivener's error with particularity. Therefore, the plaintiff has not shown any reversible error on this issue.

Second, with respect to the plaintiff's argument that Count II in the 1982 case was not an adjudication, this argument is without merit. The trial court correctly found that Count II in the 1982 case was an adjudication. On its face, the 1982 judgment reflects that the plaintiff was adjudicated on Count II.

■ The plaintiff's final argument, however, has merit. The plaintiff correctly argues that the trial court failed to address his claim that his purported 1984 conviction for DUI does not exist. The trial court's failure to address this claim was an abuse of discretion. Accordingly, we reverse in part and remand solely for the trial court to address the plaintiff's claim

that his purported 1984 DUI conviction does not exist.

*Affirmed in part, Reversed in part, and Remanded.*

Ciklin, C.J., Taylor and Forst, JJ., concur.