397 So.2d 729 (1981)
Florine G. GASKINS and George W. Gaskins, Appellants,
v.
GENERAL INSURANCE COMPANY OF FLORIDA, a Corporation, Appellee.
No. VV-41.
District Court of Appeal of Florida, First District.
April 22, 1981.
Rehearing Denied May 11, 1981.
*730 Neal D. Evans, Jr., of Evans & Lachicotte, Jacksonville, for appellants.
Carle A. Felton, Jr., and William R. Swain, Jacksonville, for appellee.
LARRY G. SMITH, Judge.
Appellants seek reversal of a summary judgment in favor of appellee-insurance company, upholding the insurance company's denial of coverage based upon alleged misrepresentation of material facts in the application for the insurance. We agree with appellants' contentions that there are genuine issues of fact which would preclude summary judgment, and we therefore reverse.
The facts are that on the date appellants purchased an automobile, the automobile dealer referred them to Johnson & McCowen, Inc., an insurance agency, for the purchase of automobile insurance. At the agency appellants were assisted by an employee in completing the application, which was filled out by the agent based upon information furnished by appellants. Under the portion calling for "driver information," appeared the following directions:
Complete for applicant, spouse, all drivers of applicant's household and all other drivers of the automobile(s) ...
In response to questions regarding this portion of the application, appellants told the employee that they did have a son living with them at home who was a driver, but that he had his own automobile which he used and had his own insurance covering his automobile. According to Mrs. Gaskins' deposition, she stated that the employee apparently interpreted the application in the same manner as did the appellants, and advised them that since the son had his own automobile and his own insurance, his name was not required to be included in the application. The application was thereupon completed and signed by both appellants. Mrs. Gaskins also signed a second form stating, "I have listed on the application all drivers who live in my home."
A couple of months after issuance of the insurance policy appellants moved to a new residence, at which time their son did not move with them, but later, just a few weeks prior to the accident, he once again became a resident of their household, and was a resident at the time of the accident for which recovery on the policy is sought by appellants. The accident occurred while appellants' son was driving the car in order for Mr. Gaskins, who was blind, to complete an errand. Mrs. Gaskins, who ordinarily drove the automobile, was out of town visiting a daughter at that particular time.
Appellee's argument in support of the summary judgment relies upon Life Insurance Company of Virginia v. Shifflet, 201 So.2d 715 (Fla. 1967), and subsequent cases interpreting Section 627.409, Florida Statutes (1977), which hold that clearly incorrect and untrue statements to questions on an insurance application, material to the acceptance of the risk, do not under the statute have to be made with knowledge of their incorrectness and untruth to vitiate the policy. Shifflet, supra, 201 So.2d at 719. Appellee further argues that its affidavits filed in support of the summary judgment clearly show that the insurance agency was a "broker," and was not acting as agent for *731 appellee in obtaining the information from appellants and completing the application. Relying upon Auto Owners Insurance Company v. Yates, 368 So.2d 634 (Fla. 2nd DCA 1979), appellee asserts that any knowledge obtained or errors committed by the "broker's" employee in filling out the application cannot be attributed to appellee. Further, according to appellee's view, the application itself is not ambiguous; therefore, whether or not the insurance agency was acting as agent for appellee is immaterial, E.J. Evans Company v. Ohio State Life Insurance Company, 144 So.2d 833 (Fla. 2nd DCA 1962).
Appellant argues, and we agree, that under the factual circumstances presented here it cannot be said as a matter of law that the Shifflet rule precludes recovery on the policy. The holding of Shifflet has been somewhat ameliorated by National Standard Life Ins. Co. v. Permenter, 204 So.2d 206 (Fla. 1967), and by the adoption of Mr. Justice Ervin's concurring opinion to some extent by the appellate courts, for example in Garwood v. Equitable Life Assur. Soc. of U.S., 299 So.2d 163 (Fla. 3rd DCA 1974), cert. den. 321 So.2d 553 (Fla. 1975); Travelers Insurance Company v. Zimmerman, 309 So.2d 569 (Fla. 3rd DCA 1975); and Independent Fire Ins. Co. v. Horn, 343 So.2d 862 (Fla. 1st DCA 1976).
The Permenter view, accepted at least in part by the cited cases, holds that incorrect answers on an insurance application do not invalidate the policy where "(1) the applicant in good faith makes `an erroneous expression of opinion or judgment' or (2) the applicant misunderstands an inquiry which is `couched in language or refer[s] to subjects and special fields beyond his or their understanding.'" 204 So.2d at 207. Mr. Justice Ervin cautioned, as this court noted in Independent Fire Ins. Co. v. Horn, 343 So.2d 862, at 864:
... this more lenient view of representations in insurance applications ought not to prevail if the applicant carelessly made positive statements of which he had no knowledge and should reasonably have revealed he was without sufficient information to answer properly, nor if the applicant incorrectly answered a question he `understood or reasonably should have understood' or concerning which the applicant could reasonably have been expected to reveal his lack of knowledge. (citations omitted)
We cannot say that the alleged misinformation imparted by appellants on their written application constituted "an erroneous expression of opinion or judgment." Neither can we say, however, as a matter of law that appellants "understood or reasonably should have understood" the inquiry concerning "drivers," nor that the inquiry itself was not couched in language or referred to subjects and special fields "beyond ... their understanding." Although the question as to drivers is couched in language readily understandable in the insurance world, it does not necessarily follow that it is to people generally, nor to the Gaskins in particular. We find that there is a subjective element involved in the Permenter test, and that appellant has made a showing, including the affidavit of a professor of English, and testimony of Mrs. Gaskins, that at the very least the inquiry regarding "all drivers in applicant's household," is subject to two interpretations. According to one interpretation, the application called for and as completed properly disclosed all those whom it was reasonably contemplated would be drivers of the insured automobile, which is the interpretation placed on the question, according to Mrs. Gaskins, by the agency's employee. Any ambiguity in the application is to be resolved against the insurer. Home Insurance Co. v. Drescher, 210 So.2d 451 (Fla. 3rd DCA 1968).
We further agree with appellants that an issue is presented concerning whether the insurance agency was acting as agent for appellee in this transaction. Section 626.746(1), Florida Statutes (1977), provides in part that no insurer shall furnish any agent any blank forms, applications, stationery or other supplies for use in soliciting, negotiating or effecting contracts of insurance on its behalf unless the agent is *732 duly licensed by the State of Florida and further, under subsection (3):
Any insurer, general agent, or agent that furnishes to any agent or prospective agent not named or appointed by the insurer represented or supplied with any of the supplies mentioned in subsection (1) and accepts from, or writes any insurance business for, such agent or agency shall be subject to civil liability to any insured of such insurer to the same extent and in the same manner as if such agent or prospective agent had been appointed, licensed or authorized by the insurer or such agent to act in its behalf by the Department of Insurance... .
A literal interpretation of the above quoted portion of the statute has been made in Brown v. Inter-Ocean Insurance Company, 438 F. Supp. 951 (N.D.Ga. 1977), the only case we have found construing the statute. While we note that the Brown court reached a decision adverse to the insured, it did so based upon a determination that a provision in the application that "no agent shall have the right to make, alter, modify, or discharge any contract or policy issued on the basis of this Application ..." (438 F. Supp. at 954), placed the applicant on notice of limitations upon the actual authority of the agent. Appellee has pointed to no such language in the application in question here. Appellee refers to a provision in the application stating: "This binder must be called in on General Insurance Company of Florida's binder phone prior to the effective date of the binder indicated above... ." This provision, however, has no bearing upon the extent of the agency's authority to explain the application form, obtain information and complete the application form in behalf of the company. This provision would also have no bearing upon imputation to appellee of the employee's knowledge concerning the status of drivers in applicant's household, which was correctly related to the employee, according to Mrs. Gaskins. Facts within knowledge of an authorized representative of the insurer while acting within the proper scope of his authority is knowledge of the insurance company. Johnson v. Life Insurance Company of Georgia, 52 So.2d 813 (Fla. 1951); Poole v. Travelers Insurance Co., 130 Fla. 806, 179 So. 138 (1938); and Russell v. Eckert, 195 So.2d 617, 620 (Fla. 2nd DCA 1967).
REVERSED AND REMANDED for further proceedings.
ERVIN and SHIVERS, JJ., concur.