422 So.2d 29 (1982)
LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant,
v.
Michael SAVIGLIANO, a Minor, by and through His Parents and Next Friends, Roy Savigliano, Sr., and Carol Savigliano, and Roy Savigliano, Sr., and Carol Savigliano, Individually, Appellees.
No. 81-594.
District Court of Appeal of Florida, Fourth District.
September 8, 1982.
As Amended on Denial of Rehearing December 15, 1982.
*30 Richard A. Barnett, Hollywood, for appellant.
J. Patrick Floyd, Fort Lauderdale, for appellees.
DOWNEY, Judge.
This is a timely appeal by appellant Lumbermens Mutual Casualty Co. [Lumbermens] from a final judgment affirming a demand for arbitration by appellee Roy Savigliano [Savigliano] under an uninsured motorist policy.
Late in 1978, Savigliano met with Wayne Schimpf, a licensed insurance agent, to obtain some business insurance at the former's place of business, a now-defunct teenage discotheque. Schimpf operated Way-Ger Insurance Company in Margate from his home. He gave Savigliano quotes from different companies that he represented, but they were too high. Instead, Savigliano decided to buy personal automobile insurance.
On January 13, 1979, Savigliano completed an application form provided by Lumbermens under Florida Joint Underwriters Association regulations for a basic 10/20 policy. He also signed Lumbermens' form LMOS-10, rejecting uninsured motorist coverage. The application has Lumbermens Mutual Casualty Company across the top; the latter form contains, in the upper right corner, the logo of Lumbermens' parent company, Kemper Insurance Company. Lumbermens subsequently delivered a policy to Schimpf who countersigned it as "licensed resident agent" and delivered it to Savigliano. The effective date of coverage on the policy was January 13, 1979. Savigliano was billed directly by Lumbermens and paid the premium directly to them.
Some months later Savigliano contacted Schimpf about increasing the coverage under the Lumbermens policy to 100/300 but the premium was too high. As an alternative Schimpf recommended that he add uninsured motorist coverage to the original policy. Savigliano agreed and gave Schimpf the cash premium and Schimpf gave him a copy of a form entitled "Policy Change Endorsement." The form carried the Kemper logo and was preprinted with the information relevant to the original policy; it was signed by Schimpf as "licensed resident agent" and stated that the endorsement was effective at six o'clock that day, November 15, 1979. When he failed to receive the endorsement, Savigliano contacted Kemper and was told to go through his agent. He called Schimpf who advised him that Kemper is slow, but assured him that he was covered. Again he called Kemper and was told not to worry, that they were behind in their mail. He called Schimpf again, Schimpf offered to send a second request but insisted that he was covered.
Savigliano received a renewal policy, effective January 13, 1980, but he never received either an endorsement or a rejection from Lumbermens. On December 23, 1979, Savigliano's son Michael was injured in an automobile accident in which the adverse party had inadequate coverage. On February *31 25, 1980, Savigliano, on behalf of his son, requested arbitration as provided by the terms of the Lumbermens policy. Lumbermens denied the request. On May 18, 1980, Savigliano, on behalf of his son, filed suit to compel Lumbermens to arbitrate. The trial court's order directing Lumbermens to arbitrate is the subject of this appeal.
The issue presented is whether or not Schimpf had apparent authority to bind Lumbermens. There was no agency contract between appellant and Schimpf. The latter was an assigned agent under the rules of Florida Joint Underwriters Association. So we must determine from the factual situation presented whether the agent was acting within the scope of his apparent authority and the insured was not aware of any limitation thereon. Russell v. Eckert, 195 So.2d 617 (Fla. 2d DCA 1967). The evidence in this case reflects that Schimpf furnished Savigliano with an application blank containing Lumbermens' name thereon. He signed a rejection form for uninsured motorist coverage containing the name of Kemper Insurance Company (Lumbermens' parent company). The premium deposit was paid to Lumbermens and eventually the policy was delivered by Schimpf to Savigliano. When the policy was changed to include uninsured motorist coverage Savigliano was again furnished a Kemper Insurance Company application with all the policy information printed thereon and signed by Schimpf as licensed resident agent. The deposit premium was paid at that time by Savigliano to Schimpf. When Savigliano did not receive the new endorsement he eventually called Kemper and was advised to go through his agent.
Linda Manning, the underwriting services manager for Lumbermens, testified that Schimpf had the authority to accept applications and premium deposits and forward them to the carrier and thereby bind the carrier to the coverage.
It appears to us that the foregoing circumstances would lead the average insurance consumer to believe the agent has the authority to bind the carrier to the coverage. This was a question of fact for the trial judge, Nationwide Mutual Insurance Company v. Mason, 218 So.2d 185 (Fla. 4th DCA 1969), and we believe the record supports his conclusion. The judgment appealed from is therefore affirmed.
AFFIRMED.
LETTS, C.J., and BERANEK, J., concur.