443 So.2d 302 (1983)
GENERAL INSURANCE COMPANY, Appellant,
v.
Vladimiro RAMANOVSKI, Sr., Appellee.
No. 83-1238.
District Court of Appeal of Florida, Third District.
December 27, 1983.
Rehearing Denied January 31, 1984.
*303 Joe N. Unger, and Kopplow & Flynn, Miami, for appellant.
Stephen Cahen, P.A. and David Wallis, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
BASKIN, Judge.
General Insurance Company appeals the final judgment in favor of appellee Ramanovski. The trial court determined that Ramanovski's renewed automobile insurance contract with appellant was valid and effective despite the omission by Ramanovski of the name of his fifteen-year-old son, the holder of a restricted driver's license, from the insurance renewal application. Appellant maintains that Atlantic Insurance Consultants, whose employee filled out the renewal application for Ramanovski, acted as an insurance "broker." Thus, appellant contends, Atlantic was the agent for the insured, and its knowledge is imputable, not to General Insurance, but to the insured; accordingly, General contends, the failure to list Ramanovski's minor son as a driver precludes coverage under the subject policy. We reject appellant's contentions, and adopt the order entered by the trial court. The trial court found in pertinent part:
The testimony showed that in April 1980 Defendant wanted Plaintiff to insure his automobile. On April 23, 1980 Defendant went to Atlantic Insurance Consultants Corporation (hereinafter called Agent) and inquired if it was an Agent for insurer. The Agent replied affirmatively. This Court finds that Agent is General Agent of Plaintiff.
Plaintiff, prior to April 23, 1980 had supplied Agent with its automobile insurance application forms, binder forms giving the Agent authority to bind Plaintiff, and all Drivers/Correct address form. All these forms were supplied to Agent with Plaintiff's name therein. Plaintiff's binder form supplied to Agent stated the *304 check to pay for the insurance was to be made payable to the Plaintiff.
Plaintiff supplied Agent with its own instruction book. The instruction book included instructing Agent on how Agent was to instruct Defendant in filling out the application for insurance and renewal applications for insurance.
Agent quoted Plaintiff's premium and collected Defendant's check made payable to Plaintiff.
In April 1981, Plaintiff sent Defendant a letter that it was time to renew his insurance. It requested Defendant go to Agent to have renewal application filled out. Defendant went to Agent and Agent furnished Defendant with the renewal application and aided Defendant in filling out the renewal application. The renewal application prominently displayed "General Insurance Company". Agent quoted Plaintiff's renewal premium and collected Defendant's check made payable to Plaintiff.
When Agent aided Defendant in filling out the renewal application, Defendant believed that Agent was Agent for Plaintiff in filling out the application. There is a space on the form for adding or deleting any drivers. In October 1980, Defendant's 15 year old son received a restricted driver's license. Defendant asked Agent whether a "driver" meant his son with a restricted driver's license. The Agent in interpreting the renewal application form stated a driver did not include a driver with a restricted driver's license. Defendant followed this advice and did not list his son with a restricted dirver's [sic] license. Listing the son would have materially changed the premium.
This Court rules that Agent was the apparent Agent of Plaintiff for the purpose of filling out the insurance renewal. Therefore the Plaintiff is charged with the knowledge given by Defendant to Agent that Defendant had a son in the household with a restricted driver's license. Gaskins v. General Insurance Company of Florida, 397 So.2d 729 ([Fla.App.] 1981).
In so doing, this Court rules that the Agent was the apparent Agent of Plaintiff and Plaintiff was charged with the knowledge of the son's restricted driver's license. Plaintiff's actions would have led the average insurance consumer to believe that the Agent was Plaintiff's Agent. Lumbermens Mutual Casualty Company v. Savigliano, (4 DCA 9/8/82) [422 So.2d 29 (Fla. 4th DCA 1982)].
This Court rules that it is manifestly unjust for Plaintiff to try to void its contract obligations to Defendant when the material misrepresentation on the renewal application was innocent and due to an ambiguity created by the Plaintiff when it drew up the renewal form. Clearly the listing of additional drivers could be interpreted to include or not include drivers with a restricted license. Plaintiff's apparent Agent interpreted it one way, Plaintiff interpreted it the other way. Certainly the innocent Defendant should not be held responsible for the incorrect answer to Plaintiff's ambiguous information request on the renewal application form. Defendant's insurance contract should not depend upon how Plaintiff decides to interpret an ambiguous information request when it is time for Plaintiff to respond to damages. Gaskins v. General Insurance Company of Florida, 397 So.2d 729 ([Fla.App.] 1981).
As a general principle of review, the decision of the trial court in a declaratory judgment action is accorded a presumption of correctness and the trial judge's "resolution of an issue ... should not be rejected on appeal unless based on a misapplication of law or shown by the record to be clearly wrong, against the manifest weight of evidence, or not supported by competent substantial evidence." Groover v. Adiv Holding Company, 202 So.2d 103, 104-105 (Fla. 3d DCA 1967). We find that appellant has failed to demonstrate that the trial court's findings are against the manifest weight of evidence. We therefore hold that since it was the insurer's agent who failed to include Ramanovski's son on the renewal application, no ground supports *305 a denial of coverage under the subject policy. See Lumbermens; Gaskins; Russell v. Eckert, 195 So.2d 617 (Fla. 2d DCA 1967).
Affirmed.