446 So.2d 1142 (1984)
BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA, a New York Corporation, and North American Managers, Inc., a Foreign Corporation, Appellants,
v.
MOSS MANUFACTURING, INC., a Florida Corporation, and Alan D. Fulton Insurance, Inc., Appellees.
No. 83-1120.
District Court of Appeal of Florida, Third District.
March 13, 1984.
As Modified on Denial of Rehearing June 4, 1984.
Smathers & Thompson and Linwood Anderson, Miami, for appellants.
Simon, Schindler & Hurst and Thomas M. Pflaum; Marlow, Shofi, Ortmayer, Smith, Connell & Valerius and Joseph H. Lowe, Miami, for appellees.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Appellant Birmingham Fire Insurance Co. appeals from a final judgment awarding damages to both appellees upon a ruling that appellee Fulton Insurance, Inc. was an agent of appellant so that when appellee Moss Manufacturing requested an increase in insurance coverage at its Liberty City warehouse, the response by appellee Fulton that the request would be taken care of was sufficient to bind appellant to provide the increased coverage. The warehouse was destroyed by fire in the "Liberty City Riots" four days after the request was made by appellee Moss to appellee Fulton Insurance.
It is well settled that the existence of an agency relationship is ordinarily a question to be determined by the trier of fact in accordance with the evidence adduced at trial. Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491 (Fla. 1983); Cirou v. Basler, 432 So.2d 628 (Fla. 3d DCA 1983); Lumbermens Mutual Casualty Co. v. Savigliano, 422 So.2d 29 (Fla. 4th DCA 1982); Scott v. Sun Bank of Volusia County, 408 So.2d 591 (Fla. 5th DCA 1981); Cleveland Compania Maritima, S.A. Panama v. Logothetis, 378 So.2d 1336 (Fla. 2d DCA 1980); Bernstein v. Dwork, 320 So.2d 472 (Fla. 3d DCA 1975). Having read the briefs and the record submitted in this case, and considered the arguments of counsel, it is clear that the trial court was eminently correct in finding that an agency relationship existed between appellee Fulton Insurance and appellant and that the actions of appellant's agent on May 14, 1980 bound appellant to pay the full loss claim arising out of the May 18, 1980 fire.
*1143 We find no error in the award of attorneys' fees. Fireman's Fund Insurance Co. v. Vordermeier, 415 So.2d 1347 (Fla. 4th DCA), review dismissed, 421 So.2d 67 (Fla. 1982); Florida Rock & Tank Lines, Inc. v. Continental Insurance Co., 399 So.2d 122 (Fla. 1st DCA 1981), section 627.428, Florida Statutes (1981).
Appellee Moss Manufacturing's cross-appeal contesting the dismissal of its claim for punitive damages by the trial court has been considered and we have concluded that no error has been demonstrated.
Affirmed.