STONE, Judge.
The appellant-insured claimed coverage for a loss incurred when a boat belonging to one of the insured’s customers was damaged during installation of davit cables. The cables replaced ones that had previously been installed by the insured. The ap-pellee denies coverage, claiming the loss was not covered under the terms of its policy.
The insurance policy in question does not provide general comprehensive liability coverage. However, it does provide insurance for injuries from “completed operations” as follows:
“completed operations hazard ” includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. “Operations” include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:
(1) when all operations to be performed by or on behalf of the named insured under the contract have been completed.
(2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or
(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.
Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.
We conclude that the specific language of the insurance contract required the result achieved by the trial court. In essence, it provides that although there is no general liability coverage for injuries occurring during the job in progress, there is coverage for any injuries arising out of the appellant’s operations which are incurred after completion. The policy’s exception for repairs does not convert it into a general liability insurance contract, but simply protects the insured from an insurer’s claim that a job was not completed just because some repair work may remain to be done.
The facts were not in dispute, and the trial court correctly granted the appellee declaratory relief finding that the damage was not covered under the policy. Although there is a question as to whéther this policy interpretation was specifically raised and argued by appellee, in our view the issues framed in the trial court and on appeal are sufficiently broad to permit our construction of the policy terms.
We also hold that the trial court did not err in concluding, as the trier of fact, that the insurance agent was not the agent of appellee for the purpose of the issuance of this policy. This determination was supported by substantial competent evidence. Birmingham Fire Insurance Company of Pennsylvania v. Moss Manufacturing, Inc., 446 So.2d 1142 (Fla.3d DCA 1984); General Insurance Co. v. Ramanovski, 443 So.2d 302 (Fla. 3d DCA 1983).
AFFIRMED.
*981 ANSTEAD, J., concurs.
GLICKSTEIN, J., dissents with opinion.