530 So.2d 1053 (1988)
GREAT OAKS CASUALTY INSURANCE COMPANY, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Rene Chapuis and Laurent Jacques Chapuis, Appellees.
No. 87-1761.
District Court of Appeal of Florida, Fourth District.
September 7, 1988.
Rehearing Denied October 7, 1988.
Richard L. Wassenberg of Ponzoli & Wassenberg, P.A., Miami, for appellant.
Vivian M. Knapp of Weathers & Seaman, Lantana, for appellee-State Farm.
Joel D. Kenwood of Woods, Oviatt, Gilman, Sturman & Clarke, Boca Raton, for appellees-Chapuis.
DOWNEY, Judge.
This appeal arises out of a non-final order granting partial summary judgment on liability in favor of Rene Chapuis and Laurent Jacques Chapuis, his son, and against Great Oaks Casualty Insurance Company (Great Oaks).
*1054 It appears that Laurent Chapuis, Rene's eighteen-year-old son, was involved in an accident with Mamie Wilson while driving Rene's car, which gave rise to a suit by Mamie against Laurent Chapuis and State Farm Mutual Insurance Company (State Farm). State Farm and Chapuis filed third party complaints for declaratory decree against Great Oaks contending that Great Oaks was obligated to provide insurance coverage for Chapuis for the accident in question. Great Oaks answered and filed an amended counterclaim for rescission on the ground that its policy was void from its inception due to a material misrepresentation on the application for insurance. After engaging in various discovery procedures each side moved for summary judgment with Chapuis and State Farm prevailing.
The record shows that in 1985 the liability insurance carrier covering Chapuis's two cars became bankrupt. The insurance broker who had placed Chapuis's insurance notified him that it was necessary to get a new insurance policy. The broker recommended Great Oaks and, in due course, assisted Rene in filling out an application form for insurance coverage with that company. The form provided for information regarding the owner of the car in a box titled "Applicant," followed by a box titled "Drivers." The latter box sought detailed information such as occupation, relation, sex, marital status, points, percentage of use and date of birth. The only names appearing therein were Rene and his wife Josiane Chapuis.
Mr. and Mrs. Chapuis have two sons. Pierre, age 21, lived at home but owned his own car and did not drive any of Rene's family cars. The other son, Laurent, was attending boarding school at the Florida Air Academy in Melbourne, Florida, some two hours away from the Chapuis residence in Boca Raton. When he was home, Laurent drove the family car with his father's permission. As the current school year was nearly over when Rene applied for the Great Oaks policy, he was expected home within several weeks and his parents anticipated that he would be driving the family car. Therefore, in an abundance of caution, Rene sent his wife back to the State No Fault agency, the broker who was to place the insurance, and advised the agency manager of the anticipated return home of their son and his anticipated use of the car. She inquired whether he should be named on the application as a driver and was advised that it was not necessary because "he was covered."
When Laurent returned home, he worked with his father in the restaurant business and he drove the family car on errands and dates and things of that nature. In fact, he was driving the car on a date on the night of the accident. Chapuis notified State No Fault of the accident and they referred him to Great Oaks, which after due investigation denied coverage because of the alleged misrepresentation contained in the application regarding "Drivers."
In his order granting summary judgment on liability the trial judge found the material facts to be that Laurent was a full-time student at Florida Air Academy in Melbourne and was not a resident of his parents' home at the time Rene submitted the application for the Great Oaks policy; thus the court concluded that Laurent did not drive the family car on a regular basis. It found that at the time of the accident Laurent was driving with his father's permission. Furthermore, the court found:
4. There were no material misrepresentations or even innocent misrepresentations or omissions made by the Third Party Plaintiff, RENE CHAPUIS, since he disclosed that his son, LAURENT JACQUES CHAPUIS, would be returning home for the summer and that his son might drive the insured vehicle in question during the summer months.
Finally the court held the word "Drivers" as used in the application was ambiguous in that it allowed for a number of different interpretations and thus Chapuis's failure to name Laurent as a driver was not a misrepresentation and the policy must be construed against the insurer.
Although the trial judge's decision in favor of Chapuis is correct, his finding that there were no material misrepresentations *1055 or omissions made by the Third Party Plaintiff, Rene Chapuis, since he disclosed that his son "would be returning home for the summer and that his son might drive the insured vehicle" is erroneous. Rene, or Mrs. Chapuis, advised State No Fault of this fact, but did not tell Great Oaks. Of course, if State No Fault were Great Oaks' agent there would be no problem because the agent's knowledge would bind its principal. Gaskins v. General Insurance Company of Florida, 397 So.2d 729 (Fla. 1st DCA 1981). However, if State No Fault was Chapuis's agent, as appears to be the case here, then Great Oaks is not bound by such knowledge and the absence of Laurent's name as a driver constitutes a possible misrepresentation. However, the focus in this situation should be on the initial ambiguity contained in the insurance application that existed prior to and, indeed, led to Chapuis's alleged inadvertent misrepresentation.
While we consider this to be a close case on liability, the existing weight of authority supports the trial judge's holding that the application involved here vis-a-vis the term "Drivers," without further explanatory language, is ambiguous making it difficult for the average person to understand the broad meaning of the term. Several of the cases have held the term can be interpreted to mean all persons who would drive the vehicle on a fairly regular basis or every person the owner had ever allowed to drive the car. Williams v. General Insurance Company, 468 So.2d 1033 (Fla. 3d DCA 1985); Gaskins. Thus, if the first interpretation is accepted, the information provided by Mr. and Mrs. Chapuis on the application is not a misrepresentation.
The ambiguity of the term is strikingly demonstrated by the factual scenario presented here. Mr. and Mrs. Chapuis were concerned over whether the anticipated return of their son for the summer would bring him within the purview of the term and thus sought the advice of an insurance agent who construed the application not to require naming the son. Regardless of the agency relationship between Chapuis and State No Fault the point is that even the insurance agent understood the term at variance with Great Oaks' understanding of its meaning. In addition, it is noteworthy that the interpretation of the term "Drivers" espoused by Great Oaks should also have included the Chapuis's resident son, Pierre, who, although owning his own car, may forseeably have been an occasional driver of his parents' car as well, but appellant never contended that Pierre was required to have been listed on the application. Because any ambiguity in the insurance application must be resolved against the insurer, Gaskin, 397 So.2d at 731, we find no error in the trial court's resolution of the coverage issue in favor of Rene and Laurent Chapuis and State Farm. Accordingly, the judgment appealed from is affirmed.
GLICKSTEIN and WALDEN, JJ., concur.