665 So.2d 360 (1995)
ESSEX INSURANCE CO., INC., Appellant,
v.
UNIVERSAL ENTERTAINMENT & SKATING CENTER, INC., Appellee.
No. 95-1455.
District Court of Appeal of Florida, Fifth District.
December 29, 1995.
*361 Bernard C. O'Neill and Lisa Cvetic of O'Neill, Chapin, Marks, Liebman, Cooper & Car, Orlando, for Appellant.
Charles B. Costar, III of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for Appellee.
W. SHARP, Judge.
Essex Insurance Company (Essex) appeals from an order which set aside a final judgment entered against Universal Entertainment and Skating Center, Inc. (Universal). The basis for this order apparently was that Essex committed fraud by altering figures on an insurance application submitted by Universal, although the order makes no such specific finding. We reverse.
The record in this case shows that Essex issued a comprehensive general liability insurance policy for a period of one year, from October 30, 1990 to October 30, 1991, to insure Universal's roller skating rink operations. The initial advance premium was calculated at $12,812, plus 5% Florida Surplus Lines Tax. However the total premium was based on Universal's gross receipts from the skating rink, and food concession stand. The policy contained a clause which provided for an audit of Universal's business records at the close of the policy period to determine whether additional premiums were due.
Prior to obtaining the insurance, an insurance application was completed by Universal and submitted to it's insurance agent, George W. Payne, in Orlando. Payne forwarded the application to Samuel Mann, Jr., Essex's agent in Atlanta, Georgia. Mann submitted the application to Essex, and the initial premium amount was quoted and conveyed to Payne. Universal accepted the quote, paid the premium, and the policy was issued.
However, certain figures on the application had been altered downward, and this resulted in an artificially low premium. Payne, a retail insurance agent for twenty-three years specializing in insurance for roller-skating rinks, had been Universal's agent for the *362 previous eight to ten years. In his affidavit, he stated he forwarded a copy of the application as prepared by Universal to Mann and that the income figures were different than the form for which the quote was made. Mann's affidavit stated he submitted the application to Essex as he received it from Payne. Who changed the figures was unclear, if indeed they were changed. The record also established that Mann sent a written insurance quotation to Payne, which indicated the low premium was based on the income figures in the claimed "altered" application, and that Mann had agreed to take a lower than normal commission.
Pursuant to the insurance policy, an audit of Universal's business records was conducted on December 3, 1991. Based upon the audit, Essex determined that $28,881.38 in additional premium (plus interest), was owed. When Universal failed to pay, Essex brought suit. Universal failed to respond to the lawsuit and eventually a default judgment was entered against it. The final judgment, awarding Essex $38,502.63, was entered on August 3, 1994. On August 26, 1994, Universal was administratively dissolved by the Florida Department of State.
On November 11, 1994, Essex served interrogatories on Universal in an attempt to execute on its final judgment. When Universal failed to respond, Essex moved to compel and a hearing was scheduled for January 5, 1995. On January 2, 1995, Universal answered the interrogatories, and Essex thereafter moved to garnish certain banks accounts to execute on the judgment. On April 5, 1995, Universal moved to set aside the final judgment because of fraud. The trial court granted the motion, and Essex appealed.
Essex claims, inter alia, that no fraud existed even if its agent was responsible for altering the insurance application. The evidence in this case was insufficient to determine whether the application was altered by Payne (Universal's agent) or Mann (Essex's agent); either could have been the perpetrator. However, assuming arguendo that Mann was the responsible party, actionable fraud still cannot be found as a matter of law because under these alleged circumstances, Universal was not damaged by the alterations on the application.[1]
The essential elements of fraud are: (a) a false representation of fact, known by the party making it to be false at the time it was made; (b) that the representation was made for the purpose of inducing another to act in reliance on it; (c) actual reliance on the representation; and (d) resulting damage to the plaintiff. Ball v. Ball, 160 Fla. 601, 36 So.2d 172 (Fla. 1948); S.H. Inv. & Dev. Corp. v. Kincaid, 495 So.2d 768 (Fla. 5th DCA 1986), rev. denied, 504 So.2d 767 (Fla. 1987); Poliakoff v. National Emblem Insurance Co., 249 So.2d 477 (Fla. 3d DCA), cert. denied, 254 So.2d 790 (Fla. 1971). It is this latter element that is absent in this case.
Alteration of an insurance application is material to the risk assumed by the insurer in insuring the insured. A material misrepresentation pertains to acceptance of the risk and the hazard assumed by the insurer. Singer v. Nationwide Mutual Fire Insurance Co., 512 So.2d 1125 (Fla. 4th DCA 1987). But, where a party has been apprised of a misstatement, even a material misstatement may not be relevant. See generally, Cox v. American Pioneer Life Ins. Co., 626 So.2d 243 (Fla. 5th DCA 1993), rev. denied, 637 So.2d 233 (Fla. 1994). Knowledge of an insurance agent binds its principal, even if not transmitted to the principal. Hardy v. American Southern Life Ins. Co., 211 So.2d 559 (Fla. 1968); Johnson v. Life Ins. Co. of Georgia, 52 So.2d 813, 814 (Fla. 1951); Great Oaks Cas. Ins. Co. v. State Farm Mutual Auto Ins. Co., 530 So.2d 1053, 1054 (Fla. 4th DCA 1988); Gaskins v. General Ins. Co. of Florida, 397 So.2d 729 (Fla. 1st DCA 1981).
At the time Universal and Essex entered into the insurance agreement, Universal was aware that the premium could increase based upon an audit of its business records which could be conducted at the end of the policy, and it was on notice that the *363 figures upon which the initial premium was based were inaccurate. In addition, Universal would have been required to pay the same premium regardless of the figures contained in the insurance application because the premium was based on the amount of gross receipts accrued during the policy period. Under these circumstances, Universal has suffered no damage and a claim of fraud is not sustainable.
Accordingly, we reverse and remand for further proceedings.
REVERSED and REMANDED.
PETERSON, C.J., and THOMPSON, J., concur.
NOTES
[1] Universal's belated contention that it would not have accepted the quotation had it been in excess of $16,000 is insufficient to constitute damage, particularly where Payne had been put on notice that the figures had been altered when he received Mann's insurance quotation.