695 So.2d 911 (1997)
BOCA RATON COMMUNITY HOSPITAL, INC., Appellant,
v.
Harry G. BRUCKER, Diane Brucker, Federal Home Life Insurance Company and Bradford National Life Insurance Company, Appellees.
No. 96-1197.
District Court of Appeal of Florida, Fourth District.
June 25, 1997.
*912 Alan M. Fisher and Barry A. Postman of Alan M. Fisher, P.A., Miami, and Jay M. Levy of Jay M. Levy, P.A., Miami, for appellant.
Leslie W. Loftus and Wesley A. Lauer of Arnstein & Lehr, West Palm Beach, for Appellee-Federal Home Life Insurance Company.
BARR, ROBBIE M., Associate Judge.
Boca Raton Community Hospital sued to recover benefits under a medical insurance policy issued by Federal Home to Diane and Harry Brucker. The trial court granted summary judgment in favor of the insurer, finding the dependent coverage for Mr. Brucker void due to a material misrepresentation on the application. Because we find genuine issues of material fact exist, we reverse and remand for further proceedings.
In December 1988, Mrs. Brucker completed the insurer's application for medical insurance for herself and her husband. The application contained the following question and instruction:
1. Have you or any of your dependents for whom insurance is requested, incurred medical expenses in excess of $2500 in the past 12 months or have reason to believe that you or your dependents may require medical, nervous, or mental treatment of any nature during the coming year?
If you are employed in a firm having less than 20 employees enrolling for the health benefits or if you've answered "YES" to Question # 1 above, you must complete the additional 4 questions.
Since Mrs. Brucker answered this question in the negative and she was employed by a firm having more than twenty employees, she did not answer the additional questions containing more specific inquiries regarding her family's medical history.
On January 1, 1989, the insurer issued coverage. Approximately thirteen months later, Mr. Brucker had a heart attack and was admitted to the hospital. The insurer verified insurance coverage to the hospital, but declined to guarantee payment. On March 30, 1990, the insurer advised the hospital that Mr. Brucker's claim was being investigated and that it might deny coverage due to Mrs. Brucker's failure to inform the insurer of her husband's history of heart disease. In November of 1990, the hospital again admitted Mr. Brucker for heart problems. In December, the insurer rescinded the Bruckers' insurance policy.
In 1993, the hospital sued the insurer to collect the cost of Mr. Brucker's hospital visits. Both the insurer and the hospital moved for summary judgment. The trial court ruled for the insurer. This appeal followed.
"The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). The learned trial court perceived no genuine issue of material fact and granted summary judgment as a matter of law pursuant to section 627.409, Florida Statutes (1991) (rewritten in 1992).
Mrs. Brucker's answer to the first part of Question # 1 does not give rise to a question of fact. She answered correctly; neither she nor any of her dependents had incurred medical expenses in excess of $2500 in the past twelve months. In response to the second part of the question, however, Mrs. Brucker answered that she had no reason to believe that she or any of her dependents would require medical, nervous, or mental treatment of any nature during the coming year. Neither she nor her dependents had required such treatment within that year, but record evidence suggests that Mr. Brucker did have a history of heart disease. This evidence raises the question whether Mrs. Brucker misrepresented a material fact by answering that she had no reason to believe he would require medical treatment in the coming year.
"[A]s a general rule in Florida, forfeitures of insurance policies are not favored, especially when the event that gives rise to the insurer's liability has occurred." LeMaster v. USAA Life Ins. Co., 922 F.Supp. 581, 585 *913 (M.D.Fla.1996)(citing Johnson v. Life Ins. Co., 52 So.2d 813, 815 (Fla.1951)). We note that the insurer did not rescind its policy and allege that Mrs. Brucker misrepresented a material fact on the health insurance application until after Mr. Brucker's admission to the hospital.
Further, for an insurer to rescind a policy due to a misstatement in the insured's application, the misrepresentation or nondisclosure must be in response to an insurer's request for that information, and any ambiguity in the insurance policy application should be construed against the insurer. William Penn Life Ins. Co. v. Sands, 912 F.2d 1359, 1362 (11th Cir.1990); see Comprehensive Benefit Adm'rs, Inc. v. Nu-Cape Constr., Inc., 549 So.2d 700 (Fla. 2d DCA 1989). Here, the insurer requested additional information concerning medical histories only if the initial question elicited either a "YES" answer or if the number of people in the group insurance plan was fewer than twenty people. The insurer could have requested additional medical history information from all applicants; it did not.
"The general rule in Florida is that the answers given or the representations made by an insured on an application for insurance, when disputed, present questions of fact to be resolved by a jury." Underwriters Nat'l Assurance Co. v. Harrison, 338 So.2d 58, 59 (Fla. 3d DCA 1976). Genuine issues of fact still exist: (1) whether Mrs. Brucker's answer on the policy application could be deemed a misrepresentation under the circumstances, and (2) whether the insurer's decision to approve the application was due to its own failure to exercise due diligence in drafting the application for the underwriting process, rather than Mrs. Brucker's failure to properly predict the impact of her husband's prior medical condition. Since these questions remain, we reverse the summary final judgment, and remand this cause for further proceedings.
REVERSED and REMANDED.
WARNER and KLEIN, JJ., concur.