747 So.2d 953 (1999)
Carlo T. PENARANDA, Appellant,
v.
PROGRESSIVE AMERICAN INSURANCE COMPANY, Appellee.
No. 98-03032.
District Court of Appeal of Florida, Second District.
May 14, 1999.
Rehearing Denied June 16, 1999.
Dov Sussman of Sussman Law Group, P.A., Fort Myers, for Appellant.
Dianne M. Dokecki of Troy & Yeslow, P.A., Fort Myers, for Appellee.
PER CURIAM.
The insured, Carlo T. Penaranda (Penaranda), appeals the declaratory judgment in which the trial court allowed the insurer, Progressive American Insurance Company (Progressive), to rescind its automobile insurance policy upon a determination that the local agency, Oswald, Trippe & Company (Oswald Trippe), was the agent of Penaranda and not an agent of Progressive. Although we conclude that the trial court incorrectly applied the law of agency to this case, we affirm because the judgment finding in favor of Progressive was correct.
The Progressive application for motor vehicle insurance stated that all vehicles to be insured must be listed on the application and that all vehicles listed must be garaged in the State of Florida at least ten months out of the year. The application also provided that all operators of the vehicles must be listed on the application and that all operators must reside in the State of Florida at least ten months out of the year.
Penaranda advised Oswald Trippe that his brother-in-law, Manual Sojuaco, was no longer a resident in the household and requested that his name be removed from the application, which was done. Penaranda did not tell Oswald Trippe that Manual Sojuaco was the primary operator of the 1986 Ford Taurus, or that the vehicle was being garaged in New York, not Florida. Penaranda listed his son, who resided in Florida, on the application as the primary operator of the 1986 Ford Taurus. The insurance policy listed the 1986 Ford Taurus as one of the vehicles insured under the policy, with Penaranda's son as the primary operator of the vehicle.
After the policy was issued, it is undisputed that the 1986 Ford Taurus was involved in an accident, and at the time of the accident was being driven by Sojuaco, *954 a resident of New York and the primary operator of the 1986 Ford Taurus. As a result, Progressive refunded Penaranda the premiums he had paid on the policy and denied coverage based on material omissions of fact and inaccuracies contained in the application.
Progressive filed a "Petition For Declaratory Judgment" pursuant to chapter 86, Florida Statutes (1993), in order for the court to determine its rights and obligations under the subject policy. After Penaranda filed his answer and affirmative defenses, Progressive moved for summary judgment, which the trial court denied. Thereafter, Progressive moved for partial summary judgment asking the court to determine, as a matter of law, that if after the evidence is presented there is a finding that Penaranda misrepresented, omitted, or concealed the fact that the 1986 Ford Taurus was garaged in New York and that the primary operator was Manual Sojuaco, a resident of New York, that these misrepresentations were "sufficiently material to Progressive's acceptance of the risk pursuant to section 627.409, Florida Statutes (1993)." The trial court granted the motion for partial summary judgment.
The trial was held on March 31, 1998, and April 1, 1998. After the trial, the court announced its decision to direct a verdict in favor of Progressive. In the Declaratory Judgment, the trial court determined that Oswald Trippe was the agent of Penaranda and not Progressive, and allowed Progressive to rescind its automobile insurance policy. Penaranda argues that the trial court erred by determining that there was not an agency relationship between Oswald Trippe and Progressive. Although Penaranda is correct on this point, we affirm the declaratory judgment.
The record does not support the trial court's statement that Oswald Trippe is Penaranda's agent and not the agent of Progressive. Although Oswald Trippe is a local independent agency, the record supports that there is "sufficient indicia of agency to induce a reasonable person to conclude that there is an actual agency relationship." Almerico v. RLI Ins. Co., 716 So.2d 774, 782 (Fla.1998). However, this record does support recission of the insurance policy because the application for insurance contained material misrepresentations by Penaranda. The record also reflects that neither Oswald Trippe nor Progressive knew that the information on the application was incorrect and that, had the correct information been disclosed to Progressive, the policy would not have been issued. See de Guerrero v. John Hancock Mut. Life Ins. Co., 522 So.2d 1032, 1033 (Fla. 3d DCA 1988) (affirming summary judgment in favor of the insurer pursuant to section 627.409 when the undisputed evidence established that the insured made several misrepresentations on his application).
Affirmed.
PARKER, C.J., and FULMER and SALCINES, JJ., Concur.