744 So.2d 1123 (1999)
Patricia GUARENTE-DESANTOLO, Appellant,
v.
JOHN ALDEN LIFE INSURANCE COMPANY, a corporation, Appellee.
No. 98-3092.
District Court of Appeal of Florida, Fourth District.
October 20, 1999.
*1124 Dea Abramschmitt, West Palm Beach, and Jene P. Williams of Law Office of Liggio, Benrubi & Williams, P.A., West Palm Beach, for appellant.
Anthony H. Pelle and Jill D. Levy of Katz, Barron, Squitero, Faust & Berman, P.A., Miami, for appellee.
TAYLOR, J.
Appellant sued John Alden Life Insurance Company (John Alden) for denying coverage for breast cancer treatment and rescinding her policy. The trial court entered summary judgment for John Alden, finding that appellant made material misrepresentations and omissions on her insurance application and that knowledge of the misrepresentations and omissions could not be imputed to John Alden, because the insurance agent who prepared appellant's application was the insured's agent and not an agent of John Alden. We reverse the summary judgment because we find that appellant presented sufficient evidence to create a factual issue for the jury concerning whether the insurance agent was acting as an agent for John Alden in this transaction.
On March 22, 1994, Paul Salvati, an insurance agent, met with appellant in her home to obtain her application for group health insurance with John Alden. Salvati brought along some John Alden brochures and blank application forms bearing John Alden's name. Salvati read appellant the questions on the policy application and wrote down her answers. After completing the application, Salvati gave the form to appellant to sign. Appellant signed the form without reading it and gave it back to Salvati to take with him.
A month later, appellant was diagnosed with breast cancer and began undergoing treatment. John Alden denied coverage for her treatment and ultimately rescinded her policy, claiming that appellant made numerous misrepresentations and omissions on her insurance application, including a failure to disclose a previous detection of a cancerous lump in her breast during a mammogram visit shortly before her insurance application.[1]
Appellant brought suit against John Alden for wrongful denial of coverage and rescission of her policy. According to appellant, *1125 she and her husband told Salvati about the lump found in her breast in March 1994, prior to her application for John Alden health insurance. Further, appellant testified during deposition that she correctly responded to the questions Salvati read from the application, but that Salvati inaccurately recorded her answers. She said that Salvati did not give her an opportunity to review the application before she signed it because he was in a hurry to get to another appointment.
John Alden moved for summary judgment, asserting that appellant's misrepresentations and omissions in the insurance application were material and that John Alden would not have issued the policy had it known the true facts. It presented affidavits stating that Salvati was an independent broker and not acting as John Alden's agent when he processed appellant's insurance application. Thus, the insurance company argued, it could not be held accountable for any knowledge that Salvati had regarding appellant's medical history and condition.
To demonstrate an agency relationship between Salvati and John Alden, appellant presented evidence that: John Alden certified Salvati as its licensed insurance agent; John Alden provided Salvati with its application and information packet, which Salvati presented to appellant; John Alden accepted appellant's premium payments through Salvati, and John Alden paid Salvati a commission for the insurance he sold for the company.
Applying the general principle that an insurance broker is the agent of the insured, the trial court granted summary judgment in favor of John Alden. At the time of its ruling, the trial court did not have the benefit of the Florida Supreme Court's decision in Almerico v. RLI Ins. Co., 716 So.2d 774 (Fla.1998). In Almerico, the supreme court noted the general rule that insurance brokers are agents of the insured rather than the insurer, but interpreted section 626.342(2), Florida Statutes to mean that an insurance broker may act in the dual capacity of broker for the insured and agent of the insurer. 716 So.2d at 776-777. It held that an agency relationship may be created where the insurance company furnishes the individual agent or broker with company materials and later accepts business generated by the agent. Id. at 781. The court examined Brown v. Inter-Ocean Ins. Co., 438 F.Supp. 951 (N.D.Ga.1977), which applied Florida's insurance statutes[2] in deciding whether an insurance company should be bound by an agent's actions and representations, and Gaskins v. General Ins. Co., 397 So.2d 729 (Fla. 1st DCA 1981), which followed Brown's statutory analysis. The court agreed with Brown and Gaskins' interpretation that:
[T]he furnishing of company materials by the insurance company to the individual agent or broker and the subsequent acceptance of business from that agent establish civil liability by an insurer to an insured in the same manner as if the insurer had specifically designated the broker as its agent. Further ... the principal (insurer) will be bound by the agent's action unless the insured knew or was put on notice of inquiry as to limitations on the agent's actual authority.
Almerico, 716 So.2d at 781.
The Almerico court observed that "[s]ection 626.342(2) appears to be an insurance consumer law designed to protect insurance consumers when dealing with insurance companies through brokers and agents." Id. It warned that the statute puts insurance companies on notice that if they provide unaffiliated agents with certain insurance business materials that identify the agents with the company and then accept business from them, they will be held responsible to the insured just as if they had "lawfully and formally appointed the agent" as their own. Id. at 782. Thus, an insurer may be held accountable for *1126 those brokers it cloaks with "sufficient indicia of agency to induce a reasonable person to conclude that there is an actual agency relationship." Id. at 783. Evidence of "indicia of agency" can be shown if the insurer furnished the agent with blank forms, applications, stationery, or other supplies used in soliciting or negotiating insurance contracts. Id. at 777.
In this case, appellant presented evidence that John Alden may have cloaked Salvati with sufficient indicia of agency to lead the insured to believe that Salvati had actual or apparent authority as John Alden's agent. In addition to evidence that Salvati was licensed by John Alden to sell their insurance, affidavits showed that John Alden furnished Salvati with the insurance application and information packet that he provided to appellant at the time of her application. Further, John Alden accepted appellant's insurance premium payments and paid Salvati a commission from the policies he sold.
Under an Almerico analysis, these factors were sufficient to raise a genuine issue of fact as to whether Salvati was acting as John Alden's agent. See Straw v. Associated Doctors Health and Life, 728 So.2d 354 (Fla. 5th DCA 1999) (concluding that the trial court erred by removing the issue of agency from the jury where the insurer provided the appellant with blank applications, training materials, and accepted the business generated therefrom); Penaranda v. Progressive Am. Ins. Co., No. 98-3032, ___ So.2d ___, 1999 WL 330474 (Fla. 2d DCA 1999)(affirming rescission of automobile insurance policy for material omissions in application but finding that court incorrectly applied agency law in determining that independent agent was the insured's agent and not the agent of the insurance company). Cf. Ospina v. Security Nat'l Ins. Co., 739 So.2d 633 (Fla. 3d DCA 1999).
A determination of agency is material in that it will bear directly upon whether Salvati's knowledge concerning appellant's medical condition and employment status can be imputed to John Alden, thus estopping John Alden from denying coverage and rescinding appellant's policy. See Gaskins, 397 So.2d at 732 (facts within knowledge of authorized representative of insurer acting within scope of authority is knowledge of the insurance company), (citing Johnson v. Life Ins. Co. of Georgia, 52 So.2d 813 (Fla.1951); Poole v. Travelers Ins. Co., 130 Fla. 806, 179 So. 138 (1938); and Russell v. Eckert, 195 So.2d 617 (Fla. 2d DCA 1967)).
Because we find that a disputed factual issue on agency existed, we reverse the order granting summary judgment in appellee's favor and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WARNER, C.J. and KLEIN, J., concur.
NOTES
[1] Other misrepresentations and omissions claimed by John Alden concerned appellant's prior medical treatment for her neck, employment status with the company providing group health insurance, and insurance status under another group medical plan.
[2] The predecessor to section 626.342(2) was section 626.746(3), Florida Statutes (1977).