979 So.2d 429 (2008)
FLORIDA MARLINS BASEBALL CLUB, LLC, a Delaware Limited Liability Company d/b/a Florida Marlins, Appellant,
v.
CERTAIN UNDERWRITERS AT LLOYD's LONDON SUBSCRIBING TO POLICY NO. 893/HC/97/9096, Appellee.
No. 3D07-5.
District Court of Appeal of Florida, Third District.
April 23, 2008.
Ruden, McClosky, Smith, Schuster & Russell and John J. Pelzer, Ft. Lauderdale, for appellant.
Joel S. Perwin; Wicker, Smith, O'Hara, Graham & Ford and Frederick E. Hasty, III, Miami, and Michael A. Holtman; Nelson, Levine de Luca, Horst, and George J. Vogrin, and Thomas J. Brackin, for appellee.
Before GREEN and SALTER, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
The Florida Marlins Baseball Club, LLC, appeals a final summary judgment in its action for breach of contract and declaratory judgment seeking disability insurance coverage. We reverse.
We hold that the record demonstrates that genuine issues of material fact remain unresolved precluding summary judgment. Holl v. Talcott, 191 So.2d 40 (Fla.1966). There are still factual issues as to whether the insurer assented or waived compliance with the condition precedent in the policy, and whether the insurer's authorized representative's knowledge about the transfer in the team's ownership constitutes knowledge by the insurer. See Hardy v. Am. So. Life Ins. Co., 211 So.2d 559 (Fla.1968); Essex Ins. Co. v. Universal Entm't & Skating Ctr., Inc., 665 So.2d 360 (Fla. 5th DCA 1995). These issues should be resolved by a jury; summary judgment was improper.
Reversed and remanded.
SCHWARTZ, Senior Judge (concurring).
I entirely agree with reversal. I would point out, moreover, that there is nothing to preclude the trial court, after remand, from entering a summary judgment on the pertinent issue in favor of the Marlins if, as I do, it deems it appropriate. See Avis Rent-A-Car Sys., Inc. v. Garmas, 440 So.2d 1311, 1313 n. 4 (Fla. 3d DCA 1983), review denied, 451 So.2d 848 (Fla.1984).