WETHERELL, J.
Appellant, Mercury Insurance Company of Florida (Mercury), argues that the trial court erred in refusing to recognize its rescission of an insurance policy based upon a material misrepresentation by the insured on the application for insurance. *731 We agree and, therefore, reverse the final judgment entered in favor of Appellee.
In July 2002, Appellee suffered injuries when his foot and ankle were run over by a Ford F-250 truck owned by Michael Roberts and insured under a policy issued by Mercury. After Appellee’s claim was filed, Mercury rescinded the policy, returned Roberts’ premium, and refused to defend the claim based upon an alleged material misrepresentation made by Roberts in the insurance application. Appellee subsequently settled with Roberts for $350,000, and as part of the settlement, Roberts assigned his claims against Mercury to Appellee and Appellee agreed to •withhold execution against Roberts.
Appellee moved for partial summary judgment against Mercury, arguing that the denial of coverage to Roberts was improperly based upon the ambiguous term “modified” contained in a question on the application for insurance. The trial court granted the motion, finding that the “policy wording is ambiguous” and that insurance coverage existed as a matter of law because the ambiguity in the insurance application must be construed in favor of eoverage.* The trial court reserved jurisdiction on damages, and after the jury returned a verdict finding that Mercury wrongfully refused to defend the claim and that the settlement between Roberts and Appellee was reasonable in amount and entered into in good faith, the trial court entered a final judgment against Mercury in the amount of $460,408.76. This timely appeal followed.
We review de novo the trial court’s determination that the question at issue was ambiguous. GRG Transp., Inc. v. Certain Underwriters at Lloyd’s, London, 896 So.2d 922, 925 (Fla. 3d DCA 2005).
The insurance application signed by Roberts asked: “Is any vehicle rebuilt, salvaged, modified, altered, or specifically built/customized?” (emphasis added). The application form expressly directed the broker not to bind coverage if the applicant answered “yes” to this question.
Roberts answered “no” to this question even though he had installed larger, wider tires and a lift-kit on the truck, as can be seen in these pictures in the record:
[[Image here]]
[[Image here]]
*732 [[Image here]]
Roberts testified that he did not read the application and that he relied on the broker (who, according to Roberts, was aware of the nature and extent of the modifications to the truck) to fill out the form., Roberts testified that his truck had been “altered in many ways” from the original manufacturer’s specifications, including the tinting of the windows, installation of a stereo, and installation of the larger, wider tires and lift-kit. However, he also testified that he did not know what the terms “modified” or “altered” meant in the context used on the insurance application and that, to him, “modified” referred to engines and related parts because he previously raced cars and there were modified classes in racing.
Mercury contends that Roberts’ negative response to the question was a material misrepresentation, and it presented an affidavit from its adjuster stating that Mercury would not have issued the policy had Roberts answered the question in the affirmative as he should have. Mercury argues that the application question was unambiguous and that the only reasonable interpretation of the word “modified” is that it means any change to the vehicle.
Appellee does not dispute the materiality of the alleged misrepresentation made by Roberts in the application. Rather, Appellee contends that the question was ambiguous when “modified” is read in context of the other types of vehicles listed in the question and the policy’s coverage of loss or damage to “custom parts or equipment” and “special equipment or modifications.” Appellee also argued below that the broker was Mercury’s agent such that her alleged knowledge of the nature and extent of the modifications to Roberts’ truck was imputed to Mercury and thus estopped Mercury from denying coverage on the basis of the modifications.
The application form included the statement that the applicant “agrees that [the] policy shall be null and void, and/or result in a claim denial if such information is false, or misleading, or would materially affect acceptance of the risk by [Mercury].” Similarly, section 627.409(1), Florida Statutes (2002), authorized an insurer to deny coverage and rescind an insurance policy based upon a misrepresentation or incorrect statement in an insurance application if:
(a) The misrepresentation ... or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer.
[or]
(b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not *733 have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.
An insurer may not deny coverage under this statute, however, if the alleged misrepresentation was in response to an ambiguous question. See Boca Raton Comty. Hosp., Inc. v. Brucker, 695 So.2d 911, 913 (Fla. 4th DCA 1997); Comprehensive Benefit Adm’rs, Inc. v. Nu-Cape Constr., Inc., 549 So.2d 700 (Fla. 2d DCA 1989). A question is ambiguous when it is susceptible to two reasonable interpretations, one in which a negative response would be correct and one in which an affirmative response would be correct. Comprehensive Benefit, 549 So.2d at 700; see also Great Oaks Cas. Ins. Co. v. State Farm Mut. Auto. Ins. Co., 530 So.2d 1053, 1055 (Fla. 4th DCA 1988). Any such ambiguity must be construed against the insurer and in favor of coverage. See Comprehensive Benefit, 549 So.2d at 700; Gaskins v. Gen. Ins. Co. of Fla., 397 So.2d 729, 731 (Fla. 1st DCA 1981) (“Any ambiguity in the application is to be resolved against the insurer.”).
The trial court found the question at issue ambiguous because the term “modified” was susceptible to two reasonable interpretations: 1) that it has something to do with racing and non-street legal type vehicles, as argued by Appellee, and 2) that it encompasses any change to a vehicle, as argued by Mercury. We disagree that the question is ambiguous, at least in the context of this case.
The issue is not whether there are two interpretations of “modified” that could render the question ambiguous in the abstract; rather, the issue is whether an objectively reasonable person in Roberts’ situation (i.e., having installed larger, wider tires and a lift-kit on his truck) could truthfully answer the question in either the affirmative or the negative. See State Farm Fire & Cas. Ins. Co. v. Deni Assocs. of Fla., Inc., 678 So.2d 397 (Fla. 4th DCA 1996) (stating that insurance policy language generally is read as it would be understood by a reasonable person). Thus, the fact that, under the interpretation proffered by Mercury, “modified” might be ambiguous in the context of an applicant who had only added mud flaps, fuzzy dice, or window tinting to his vehicle is irrelevant to the issue of whether the term is ambiguous to an objectively reasonable person in Roberts’ situation.
We conclude that there is no objectively reasonable interpretation of “modify” that would justify Roberts’ negative answer to this question. Where, as here, neither the application form, nor the policy incorporated by reference therein, defines “modify,” we interpret the word in accordance with its plain and ordinary meaning as reflected in the dictionary. See Garcia v. Federal Ins. Co., 969 So.2d 288, 291-92 (Fla.2007). The dictionary defines “modify” to mean “to make minor changes in” and “to make a basic or important change in; alter.” See Webster’s Seventh New Collegiate Dictionary, at 544 (1967). One only needs to look at the pictures of Roberts’ truck to conclude that his negative answer to the question was inaccurate under either of these definitions. Moreover, although an objective standard applies, it is significant that Roberts acknowledged in his testimony that his truck had been “altered in many ways” (emphasis added), which in and of itself would have required an affirmative answer to the question. See id. at 24 (defining “alter” to mean “to make different without changing into something else”); cf. Carter v. United of Omaha Life Ins., 685 So.2d 2, 6 (Fla. 1st DCA 1996) (explaining that an applicant’s belief of the truth of his answer must be accepted “only *734 so far as that belief is not clearly contradicted by the factual knowledge on which it is based”) (quoting Skinner v. Aetna Life & Casualty, 804 F.2d 148, 151 (D.C.Cir.1986)), approved in pertinent part by, Green v. Life & Health of Am., 704 So.2d 1386 (Fla.1998).
The interpretation proffered by Appellee is not reasonable, even when “modify” is viewed in context of the other types of vehicles listed in the question and certain provisions in the policy. Vehicles that are “rebuilt” or “salvaged” are not, as the trial court found, non-street legal; they simply receive different titles and are subject to additional disclosure requirements upon transfer. See §§ 319.14, 319.30, Fla. Stat. Likewise, the other terms in the question — “altered” and “specifically built/customized” — do not refer to non-street legal vehicles or racing vehicles. Cf. § 320.0863, Fla. Stat. (2009) (providing special registration for “custom vehicles” that meet applicable safety requirements). Moreover, the fact that the policy covers certain “custom parts or equipment” and “special equipment or modifications” does not render “modified” ambiguous because the coverage provided in the policy for loss or damage to such parts is limited to $1,000 unless the equipment is disclosed in the application and an additional premium is paid, which did not occur in this case.
For these reasons, the trial court erred in granting partial summary judgment for Appellee. The final judgment is therefore reversed. As the record reveals disputed issues of fact as to whether or not the broker was an agent of Mercury, we remand for consideration of this issue. See Almerico v. RLI Ins. Co., 716 So.2d 774, 776-77 (Fla.1998); Amstar Ins. Co. v. Cadet, 862 So.2d 736, 739-42 (Fla. 5th DCA 2003); Gen. Ins. Co. v. Ramanovski, 443 So.2d 302, 304 (Fla. 3d DCA 1983); Gaskins, 397 So.2d at 731-32.
REVERSED and REMANDED for further proceedings.
THOMAS, J., concurs; PADOVANO, J., dissents with opinion.

 Mercury sought appellate review of the trial court’s order granting partial summary judgment, but we dismissed the appeal for lack of jurisdiction. Mercury Ins. Co. of Fla. v. Markham, 938 So.2d 607 (Fla. 1st DCA 2006).